**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EVERETT TURNER,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5110
(D.C. No. 95-CV-857-W)
(N.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **PORFILIO, KELLY,** and **HENRY**, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Pub. L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's affirmance of the Secretary's determination that he is not disabled and, therefore, is not entitled to disability benefits or supplemental security income benefits.  Discerning no reversible error, we affirm.

Plaintiff claimed disability based on injuries he sustained in an automobile accident on May 15, 1992.[1]  He alleged that he suffers from pain, severe headaches, concentration problems, loss of energy, irritability, balance difficulty, double vision, nausea, and poor short term memory.  In the Secretary's final decision, the administrative law judge (ALJ) found that plaintiff has a history of multiple mid-face fractures and a right wrist fracture, an organic mental disorder, and a substance abuse disorder in remission.  The ALJ determined at step two of the five-step sequential analysis, see 20 C.F.R. §§ 404.1520, 416.920, that these impairments imposed no more than a minimal effect on plaintiff's ability to work and, therefore, that he does not have a severe impairment and is not disabled.

---

[1]	Plaintiff's disability status expired on March 31, 1994.

"We review the Secretary's decision to determine whether [the] factual findings are supported by substantial evidence in the record viewed as a whole" and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

To meet his burden at step two, plaintiff must show that he suffers from an "impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 416.920(c); see also Bowen v. Yuckert, 482 U.S. 137, 146 & n.5 (1987). Basic work activities are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Examples of basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;" "seeing, hearing, and speaking;" "understanding, carrying out, and remembering simple instructions;" "use of judgment;" "responding appropriately to supervision, co-workers and usual work situations;" and "dealing with changes in a routine work setting." See id. §§ 404.1521(b), 416.921(b).

Although step two requires only "de minimis" proof of impairment, the plaintiff "must show more than the mere presence of a condition or ailment." Hinkle v. Apfel, No. 97-6099, 1997 WL 787158, at *2 (10th Cir. Dec. 24, 1997).

> Presumptively, if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities,

irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity.

Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988); see also Soc. Sec. Rul. 85-28, Soc. Sec. Reporting Serv. 1983-1991 (West) 390, 393 (stating impairment is nonsevere only if it "would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered"). "Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his ability to work." Hinkle, 1997 WL 787158, at *2.

Plaintiff argues that the ALJ erred in determining plaintiff does not have a severe impairment because the ALJ did not give appropriate weight to his treating physician's opinions. According to plaintiff, the ALJ failed to discuss or give legitimate reasons for rejecting Dr. Detwiler's diagnosis of "post-concussive" syndrome and his conclusion that without neuropsychological treatment plaintiff would be unable to obtain gainful employment. Although the ALJ did not specifically discuss this evidence, the ALJ did refer to Dr. Detwiler's records in his opinion and did indicate he had considered all of the evidence. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (requiring ALJ to consider, but not specifically discuss, each piece of evidence).

Additionally, plaintiff argues the ALJ failed to properly consider Dr. Detwiler's opinion that plaintiff was temporarily totally disabled between May 1992 and February 1993 as evidence plaintiff had a severe impairment. The administrative record shows that Dr. Detwiler stated that plaintiff was temporarily disabled from May 15, 1992 to approximately March 2, 1993. On November 22, 1993, Dr. Detwiler discharged plaintiff and said that without treatment, presumably by a neuropsychologist,[2] he would be unable to obtain gainful employment. These opinions regarding disability were brief, conclusory, and unsupported by specific medical evidence. See Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990). They were therefore properly disregarded. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289-90 (10th Cir. 1995). Moreover, Dr. Detwiler's reports do not specifically mention most basic work activities or relate plaintiff's alleged impairments to them.

Plaintiff also points to the facts that he used narcotic pain relievers for ten months and that Dr. Detwiler referred plaintiff to a specialist who would be better able to treat him as proof that he was suffering from a severe impairment. Use of pain relievers alone does not indicate that plaintiff had a severe impairment,

---

[2]     Dr. Detwiler recommended on November 22, 1992, that plaintiff see a neuropsychologist.

especially when he took the medication for less than one year. Likewise, referral alone is not enough to establish a severe impairment.

Plaintiff further argues that the ALJ failed to discuss much of the material medical evidence, which established that plaintiff "had a severe mental impairment for at least a portion of the time cover[ed] by this claim." Appellant's Br. at 20. We conclude the ALJ sufficiently discussed the evidence and explained why plaintiff does not have a severe impairment. See Clifton, 79 F.3d at 1009-10.

Plaintiff requests remand for consideration of whether he met the requirements of listing 12.02. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.02. Under the circumstances, remand is not required.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.<br>Circuit Judge