F I L E D
United States Court of Appeals
Tenth Circuit

DEC 24 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TIMOTHY R. HINKLE,

Plaintiff-Appellant,

v.

No. 97-6099

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

Defendant-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-95-1145-T)

Submitted on the briefs:

James Harris of Ray Bays & Associates, Oklahoma City, Oklahoma, for Plaintiff-
Appellant.

Patrick J. Ryan, United States Attorney, Oklahoma City, Oklahoma, Frank V.
Smith III, Acting Chief Counsel, Region VI, and Linda H. Green, Assistant
Regional Counsel, Office of the General Counsel, U.S. Social Security
Administration, Dallas, Texas, for Defendant-Appellee.

Before KELLY, McKAY and BRISCOE, Circuit Judges.

---

[*]     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

BRISCOE, Circuit Judge.

Plaintiff Timothy R. Hinkle appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to disability benefits.[2] We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Hinkle alleged disability due to a mental impairment. He also asserted that he has disabling chronic scoliosis of the thoracic spine, chronic myofascitis of the right shoulder, mood or anxiety disorder, and possibly developmental

_____

[2]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

dysphasia.  The administrative law judge (ALJ) determined that Mr. Hinkle did not meet listing 12.05C, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, at step three of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).  The ALJ further held at step four that Mr. Hinkle was not disabled because he could perform his past relevant work of a fast food worker.

On appeal, Mr. Hinkle argues he meets § 12.05C.  Listing 12.05C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function."  The parties agree Mr. Hinkle's performance IQ of 68 meets the first prong of § 12.05C.[3]  See id. § 12.00D (lowest valid IQ score is used for § 12.05). Thus, the issue before this court is whether Mr. Hinkle meets the second prong of § 12.05C by having any other impairments imposing significant work-related limitations of function.

Mr. Hinkle argues that because the ALJ found that he could only perform light to medium work, the ALJ impliedly held that Mr. Hinkle had a significant

_____

[3]        As the Commissioner agrees that Mr. Hinkle meets the first prong of § 12.05C, we need not address Mr. Hinkle's argument regarding whether the ALJ rejected this result as invalid based on the examiner's statement that the low score may have been artificially deflated by a mood or anxiety disorder rather than showing the result of a permanent decline in intellectual functioning.  See Brown v. Secretary of Health & Human Servs., 948 F.2d 268, 269 (6th Cir. 1991) (regulations do not limit question of validity to test results isolated from other factors).

impairment which met the second prong. Mr. Hinkle urges us to hold that a finding that a claimant cannot perform "heavy or very heavy work due to a medically determinable impairment" meets the second prong of § 12.05C. Appellant's Br. at 25. We decline to adopt this standard.

The second prong of § 12.05C requires that the claimant have "a physical or other mental impairment imposing additional and significant work-related limitation of function." The regulations do not define "significant," but courts have held that a "significant limitation" of function for purposes of § 12.05C, is one that has more than a slight or minimal effect on the claimant's ability to perform basic work. See Warren v. Shalala, 29 F.3d 1287, 1291 (8th Cir. 1994) (and cases cited therein). The second prong limitation "need not be disabling in and of itself." Branham v. Heckler, 775 F.2d 1271, 1273 (4th Cir. 1985).

"[T]he purpose of § 12.05C is to compensate a claimant with an IQ in the 60-70 range and a limitation of function that affects his work." Sird v. Chater, 105 F.3d 401, 403 n.6 (8th Cir. 1997). Some courts have held that the § 12.05C limitation is significant if the claimant suffers from a severe physical or other mental impairment, as defined at step two of the disability analysis, apart from the decreased intellectual function. See Edwards v. Heckler, 736 F.2d 625, 629-31 (11th Cir. 1984); Nieves v. Secretary of Health & Human Servs., 775 F.2d 12, 14 & n.7 (1st Cir. 1985); but see Edwards ex rel. Edwards v. Heckler, 755 F.2d 1513,

-4-

1515 (11th Cir. 1985) (clarifying that 'significant' requires something less than 'severe' as defined in § 404.1520(c) (step two)). Other courts have concluded that the second prong is met when the claimant cannot perform his past relevant work. See Flowers v. United States Dep't of Health & Human Servs., 904 F.2d 211, 214 (4th Cir. 1990) (citing Branham, 775 F.2d at 1273); Mowery v. Heckler, 771 F.2d 966, 972 (6th Cir. 1985). We conclude the analysis employed by the First and Eleventh Circuits is the better interpretation of what must be shown to satisfy the second prong of § 12.05C.

At step two, the ALJ is to determine whether the claimant has an "impairment or combination of impairments which significantly limits [his] . . . ability to do basic work activities." 20 C.F.R. § 404.1520(c). We have said that this step requires a "de minimis" showing of impairment. See Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997)(citing Williams, 844 F.2d at 751). However, the claimant must show more than the mere presence of a condition or ailment. See Bowen v. Yuckert, 482 U.S. 137, 153 (1987)(step two designed to identify "at an early stage" claimants with such slight impairments they would be unlikely to be found disabled even if age, education, and experience were considered).

> Presumptively, if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities,

-5-

irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity.

Williams, 844 F.2d at 751. Thus, at step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his ability to work.

At step four, the ALJ engages in a comparative assessment of the claimant's residual functional capacity and the demands of the work the claimant has done in the past to determine whether the claimant can do his past relevant work. See 20 C.F.R. § 1520(e); see also Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). The ALJ looks only at "those work demands which have a bearing on the [claimant's] medically established limitations." Winfrey v. Chater, 92 F.3d 1017, 1024 (10th Cir. 1996)(quotation omitted). Thus, step four requires a more detailed analysis of the claimant's impairments than is required at step two as the ALJ must specifically analyze the impact the impairments have on the claimant's ability to do the work he has previously done.

Upon review of the standards governing steps two and four, we conclude that a decision regarding whether a claimant has a § 12.05C "significant limitation" should "closely parallel" the step two standard,[4] and is to be made

---

[4] Needless to say, a claimant's inability to perform his past relevant

(continued...)

without consideration of whether the claimant can perform any gainful activity beyond the analysis as made at step two.  See Fanning v. Bowen, 827 F.2d 631, 634 (9th Cir. 1987) (if claimant meets the § 12.05C listing and the durational requirement, see 42 U.S.C. § 1382c(a)(3)(A), "he must be found disabled without consideration of his age, education, and work experience," citing 20 C.F.R. § 404.1520(d)).  Thus,  a claimant's physical impairment need not be independently disabling to meet the second prong of § 12.05C.  Such a requirement would result in a meaningless second prong.  See Sird, 105 F.3d at 403 & n.6.  "[S]omething less than a preclusion from any substantial gainful employment must apply."  Id. at 403 (quotation omitted).

We now examine Mr. Hinkle's claims under this standard.  The medical evidence showed that Mr. Hinkle has been diagnosed with chronic myofascitis which is minimally disabling.  His physician opined that he was only restricted from "heavy manual labor or a great deal of overhead work with the right upper extremity."  Appellant's App. at 145.

While Mr. Hinkle has back problems, they have not resulted in a significant limitation.  Mr. Hinkle has a fair tolerance for standing and walking with a poor

_____

[4](...continued)
work would meet the second prong of § 12.05C.  We hold only that the analysis the ALJ engages in should parallel step two of the five-step analysis and, thus, does not require a finding that the claimant cannot perform his past relevant work.

tolerance for bending and lifting.  See id. at 147.  One physician noted that he had no restriction of movement and his scoliosis was "almost imperceptible."  Id. at 149.  Another physician found no scoliosis, muscle wasting or spasm, deficits, decreased range of motion or tenderness.  See id at 159.

Mr. Hinkle testified that his physical disabilities prevent him from bending over, gripping with his hand, and holding his arm up very long.  He can drive.  He can sit, but is stiff when he gets up, he can stand ten minutes and walk two blocks.  He watches TV most of the time.  He takes no medications for pain.

The ALJ found that Mr. Hinkle's impairments, singly or in combination did not have the relevant abnormal findings needed to meet the second prong of § 12.05C.  The ALJ noted that no objective tests revealed functional restrictions necessary "to support a degree of pain or other symptom that might be considered disabling."  Id. at 16.  Our review of the record supports the ALJ's finding.  Further, the record contains no information to support a finding that Mr. Hinkle's physical condition has deteriorated since he last worked.[5]  Cf. 20 C.F.R. § 404.1520(b) (claimant who is performing substantial gainful activity is not

_____

[5]      We do not address or concern ourselves with any deterioration of mental abilities as § 12.05C requires a "subaverage general intellectual functioning . . . initially manifested during the developmental period (before age 22)."  Id. § 12.05.  Mr. Hinkle does not claim any mental impairment not related to his intellectual functioning which might meet the second prong of § 12.05C and would, therefore, be subject to deterioration concerns.

disabled regardless of medical condition). Neither do Mr. Hinkle's impairments in combination meet the second prong of § 12.05C. See, e.g., Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993) (regulations require consideration of claimant's impairments in combination at steps two and three and the second prong of § 12.05C).

The judgment of the district court is AFFIRMED.