**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLENE BAILEY,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,   *

      Defendant-Appellee.

No. 98-5022
(D.C. No. 96-CV-1055-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**  **

---

Before **PORFILIO, BARRETT,** and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Charlene Bailey appeals the denial of her application for Supplemental Security Income disability benefits.  We exercise jurisdiction under 42 U.S.C. § 405(g) and affirm.

Plaintiff alleges disability because of a severe mental impairment, arthritis and a positive diagnosis for hepatitis C. [1]  The Administrative Law Judge (ALJ) found at step two of the sequential evaluation process that plaintiff had no impairment or combination of impairments which significantly limit her ability to perform basic work-related functions.  We review this decision to determine only whether the relevant findings are supported by substantial evidence and whether the Commissioner applied correct legal standards.  See Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.  We cannot reweigh the evidence or substitute our judgment for that of the

---

[1]    Plaintiff's case before the ALJ was primarily based on her alleged disabling alcoholism.  Since her hearing before the ALJ, the social security statutes have been amended to deny benefits in certain circumstances to persons suffering from alcoholism or drug addiction.  See 42 U.S.C. § 1382c(a)(3)(J).  In affirming the denial of benefits, the district court did not rely on the Commissioner's alcoholism argument because the ALJ did not conduct the analysis or make the findings required by the Commissioner's own regulations.  See 20 C.F.R. § 416.935.  Plaintiff does not argue on appeal that she is disabled because of alcoholism.

Commissioner. See id. On appeal, plaintiff argues that (1) the Commissioner did not properly consider her hepatitis C as a separate impairment from her hepatitis B;[2] (2) the ALJ failed to properly evaluate her mental impairment; and (3) the ALJ failed to properly develop the record regarding her diagnosed arthritis.

The record shows that plaintiff had positive hepatitis C antibodies for approximately twenty months. By November 1995, Dr. Michael Scott found this condition to be suggestive of a chronic state. While he noted that plaintiff's liver functions were normal as of June 1995, Dr. Scott also noted that "[t]reatment for chronic or active hepatitis C with interferon may be helpful in some cases to induce remission." R. Vol. II at 173.

It is the plaintiff's burden to prove disability. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). In order to demonstrate at step two that an impairment is severe, plaintiff must show that it "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). While we have characterized this showing as "de minimis," see Hawkins, 113 F.3d at 1169, the mere presence of a condition or ailment documented in the record is not sufficient to prove that the plaintiff is significantly limited in the ability to do basic work activities, see Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th

---

[2] The evidence regarding plaintiff's hepatitis C was not before the ALJ but was presented later to the Appeals Council.

Cir. 1997). Unfortunately for plaintiff, there is nothing more in the record regarding her hepatitis C than the evidence reviewed above. There is no evidence of any functional component associated with the presence of her hepatitis C. Accordingly, there was substantial evidence to support the Commissioner's conclusion that plaintiff's hepatitis was not a severe impairment.

Plaintiff next argues that the ALJ improperly evaluated her alleged mental disorder. In reviewing the record, the ALJ took note of plaintiff's affective disorder and the diagnoses of personality disorder with schizoid features and mild depressive disorder. He noted also, however, that "examination indicates that there are no abnormal thought processes and no significant suicidal ideation. . . ." R. Vol. II at 24. The ALJ further observed that "[t]he consultative examiners were unable to find significant impairments, and cited only the alcohol abuse and affective disorder, based on her reports of drinking and history of treatments for mental disorders, but she currently denies any symptoms." Id. This is a faithful recap of the record evidence.

Plaintiff received two consultative mental examinations. Both examiners completed a Psychiatric Review Technique (PRT) form, and both concluded that plaintiff had no severe impairment. See id. at 41, 58. Plaintiff asserts that the ALJ ignored a medical opinion on one of these forms that her mental impairment causes moderate difficulties in her ability to maintain social functioning. While

-4-

Dr. Bernard Pearce did indicate this limitation, he also concluded in two other places on the form that, overall, plaintiff had no severe impairment.    See id. at 58, 67.  The ALJ did not err in refusing to find that this single observation established a severe mental impairment.

As is required at every adjudicative step of the disability determination process where a mental impairment is alleged, the ALJ completed a PRT form which he attached to his decision.  Plaintiff charges that the ALJ did not discuss his conclusions or link those conclusions to specific evidence.  We disagree.

In his decision, the ALJ specifically stated that plaintiff's affective disorder did not cause significant vocational limitations.    See id. at 23.  He also discussed the findings of the two consultative examiners who concluded that plaintiff did not have a severe mental impairment.    See id. at 41, 58.  The ALJ's PRT form is simply a synthesis of the evidence in the record.  Where the categories presented on the PRT form were inadequate to accurately describe plaintiff's circumstances, the ALJ added comments on the line marked "other."    See id. at 28-29.  All of these clarifying comments find support in the record.    Thus, the ALJ performed an adequate legal analysis of plaintiff's mental condition.

Finally, plaintiff argues that the ALJ breached his duty to develop the record when he ordered a consultative examination of plaintiff's arthritis without also ordering x-rays.  This argument is also without merit.  Plaintiff was

diagnosed with chronic arthritis of the hip and lower back in November 1993 despite walking without difficulty and presenting no acute pain or distress.  See id. at 147.  Presumably based on this evidence and plaintiff's allegations of disabling arthritic pain, a consultative exam was ordered.  That exam, done in October of 1994, identified some tenderness in the right shoulder and the lumbodorsal area.  Plaintiff's gait was normal to speed, stability, and safety and she had no difficulty getting on and off the examining table.  See id. at 110-11.  There was no joint deformity or swelling.  See id. at 111. The consultative physician did not diagnose arthritis.

The ALJ's duty to order a consultative examination is triggered when the plaintiff has advanced evidence "sufficient to suggest a reasonable possibility that a severe impairment exists," see Hawkins, 113 F.3d at 1167.  "The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning.  The standard is one of reasonable good judgment." Id. at 1168.  Given the overwhelmingly normal results of plaintiff's range of motion studies and the presence of only slight pain and tenderness in the lumbodorsal area from the consultative exam and her treating physician's observation that she walked without difficulty and presented no acute pain or distress, there was no need for the ALJ to order x-rays.  Plaintiff's suggestion that her indigence prevented her from obtaining x-rays is belied by the medical record,

which indicates that she has been able to obtain significant medical care throughout the years despite her lack of funds.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge