F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL A. PIPER,

      Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

      Respondent.

No. 98-9515

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **BRISCOE**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

On August 21, 1997, H. Stanley McClain, Assistant Air Traffic Manager for the Federal Aviation Administration ("FAA") Air Route Traffic Control Center in Salt Lake City, Utah, advised Daniel A. Piper by letter that within 30 days he proposed to demote Piper from his position of Supervisory Air Traffic Control Specialist ("Area Supervisor"), with a salary of $84,681.00 per annum, to the position of Air Traffic Control Specialist, the salary for which was $73,697.00 per annum. The reason for the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

proposed demotion, according to McClain's letter, was "conduct unbecoming a supervisor/inappropriate behavior." In that letter, McClain stated that Piper's misconduct was in connection with Piper's report to his supervisor of his "suspicions" of sexual harassment on the part of a fellow employee. On September 12, 1997, McClain, again by letter, after reviewing Piper's response to a prior proposed demotion which was later withdrawn, demoted Piper to an Air Traffic Control Specialist at a salary of $75,803.00 per annum. (Piper had received an in-grade increase in the interim between August 21 and September 12.)

Thereafter, Piper appealed his demotion through the FAA appeals procedure. The FAA Appeals Panel consisted of three members, one of whom was a "partisan" appointed by Piper, a second was a "partisan" appointed by the agency and the third was a so-called "neutral" arbitrator selected jointly by Piper and the agency.

The Appeals Panel thereafter conducted a four-day evidentiary hearing at which Piper was represented by counsel. At that hearing Piper called 14 witnesses and the FAA called 9. On February 23, 1998, the Appeals Panel made its award in a detailed 18-page opinion, the gist of which was that Piper's reported suspicions of misconduct by a fellow employee were misleading and based on rumors that he did not verify or accurately report, but, though his conduct warranted some disciplinary action, permanent demotion was "too harsh." Accordingly, the Appeals Panel restored Piper to his former position, but denied him back pay for the five-month period between his administrative demotion

and the issuance of the Appeals Panel decision, believing that this "temporary loss of his supervisory position" was sufficient and appropriate disciplinary action. (The award of the Appeals Panel constitutes the final order of the FAA. *See* Federal Aviation Administration Personnel Management System, Chapter III § 5(m) (March 28, 1996)). Pursuant to 49 U.S.C. § 46110, on April 23, 1998, Piper, through counsel, filed in this court a petition to review portions of the award of the FAA Appeals Panel.

On review, Piper, of course, does not challenge that part of the award by the Appeals Panel that he be reinstated to his previous position with the FAA. However, Piper does challenge that part of the award which, in effect, denied him back pay, i.e., pay lost during the five-month period he was demoted from his previous, higher paying position. As indicated, the Appeals Panel found that Piper's conduct justified some disciplinary action, which was the pay differential between his previous salary and the salary he received for the lesser position he held for five months.

Our review of the award of the Appeals Panel is a narrow one. 49 U.S.C. § 46110(c) provides as follows:

> **(c) Authority of court.**–When the petition is sent to the Secretary or Administrator, the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the Secretary or Administrator to conduct further proceedings. After reasonable notice to the Secretary or Administrator, the court may grant interim relief by staying the order or taking other appropriate action when good cause for its action exists. Findings of fact

by the Secretary or Administrator, if supported
by substantial evidence, are conclusive. (Emphasis added).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adquate to support a conclusion." *Castellano v. Secretary of Health and Human Services,* 26 F.3d 1027, 1028 (10th Cir. 1994). In our review of the award here under attack, we "neither reweigh the evidence nor substitute our judgment for that of the agency." *Hinkle v. Apfel,* 132 F.3d 1349, 1351 (10th Cir. 1997). An agency's findings and conclusions should be upheld unless they be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). And the "arbitrary and capricious" standard of review is a narrow one. *Citizens to Preserve Overton Park, Inc., v. Volpe,* 401 U.S. 402, 416 (1971).

Based on that standard of review, we are not inclined to disturb the Appeal Panel's determination that there was just cause for some sort of disciplinary action against Piper. Nor are we inclined to disturb the Panel's further determination that appropriate disciplinary action would be the loss of the pay for the five-month period that Piper was, in effect, "temporarily demoted." To do so would inject this court into the fact finding

- 4 -

field.[1]  Our study of the administrative record convinces us that the award of the Appeals Panel was neither arbitrary nor capricious.

In this court Piper also asks that we award him attorney's fees to cover the cost of his legal representation in the proceedings before the Appeals Panel, as well as compensatory and consequential damages for his five-month demotion.  Also, he asks that we order that all references to such demotion be removed from his FAA files.  Although it is not entirely clear, it is doubtful that these matters were presented to the Appeals Panel.  It is certain, however, that none of these matters was mentioned in the award of the Appeals Panel.  And the present proceeding in this court is Piper's petition to review the award of the Appeals Panel.  In such circumstances, we decline to consider these additional matters which Piper seeks to raise.

Award affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

[1]The Appeals Panel Award stated that "[a]ll members of the Panel concurred in the following Award."  Attached to Piper's brief filed in this court was a statement, dated October 27, 1998, from Thomas C. Bonacki, a member of the Appeals Panel who had been selected by Piper, that though he agreed that Piper should be reinstated to his previous position, he, unlike the other two members of the Panel, "supported the awarding of back-pay and making Mr. Piper whole."  Thereafter, the FAA filed a motion to strike Bonacki's statement on the grounds that it was not a part of the administrative record.  Piper filed a response thereto.  The motion to strike is now granted.