**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FRANK TWIST,

       Plaintiff-Appellant,

v.

LARRY G. MASSANARI,
Commissioner of Social Security
Administration,

       Defendant-Appellee.

No. 01-5072
(D.C. No. 99-CV-996-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Frank Twist appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Twist alleged disability as of May 20, 1996, due to complications from diabetes, which he has had for forty-six years . The administrative law judge (ALJ) determined that Mr. Twist was not disabled at step two of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), holding he did not have a severe impairment because none of his impairments "significantly limit[ed] his ability to perform basic work-related activities . . . ." App. Vol. II at 17.

On appeal, Mr. Twist argues that the ALJ erred in denying benefits at step two because this court has declared step two invalid. He also contends he cannot return to his past relevant work as a teacher.

As defendant notes, Mr. Twist did not raise his argument regarding the alleged invalidity of step two to the district court. Therefore, we may not review it. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Further, this argument is without merit. See Bowen v. Yuckert, 482 U.S. 137, 154 (1987).

Mr. Twist's argument that he cannot perform his past relevant work is irrelevant at step two. At step two, the claimant bears the burden to demonstrate an impairment or combination of impairments that significantly limits his ability to do basic work activities. See 20 C.F.R. § 404.1520(c). The step two severity determination is based on medical factors *alone*, and "does *not* include consideration of such vocational factors as age, education, and *work experience*." Williams, 844 F.2d at 750 (emphasis added). Instead, "the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities . . . ." Id. at 751. While we have characterized this showing as "de minimis," see Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997), the mere presence of a condition or ailment documented in the record is not sufficient to prove that the plaintiff is

significantly limited in the ability to do basic work activities, see Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). [1]

Mr. Twist alleged complications from uncontrolled diabetes, including trigger finger, thyromegally, retinopathy, and peripheral vascular disease, as well as pain, prevented him from performing his past relevant work. The ALJ determined that Mr. Twist's testimony was not fully credible because the record did not contain objective findings supporting his complaints. Our review of the record supports the ALJ's determination. The record contains no evidence that Mr. Twist complained of, or received treatment for, his complaints aside from being treated successfully for trigger finger. He takes pain medication for headaches and Prozac for depression, but has received no psychiatric treatment for depression. His treating physician noted several times that his health was good and he was doing well. See App., Vol. II at 173 ( "Generally, I feel that you're doing well," as of March 1997); id. at 191 ( "Overall I feel that your health is very good" as of January 1996).

---

[1] Nor is there any requirement that the plaintiff be able to perform his past work activity. Mr. Twist testified that he was working full time as a library clerk for a university. The ALJ did not rest his determination on this fact, as Mr. Twist did not present evidence that his employment met the requirements for substantial gainful activity.

The record contains substantial evidence to support the ALJ's determination. Therefore, we AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge