**F I L E D**

UNITED STATES COURT OF APPEALS

**JUL 3 2003**

FOR THE TENTH CIRCUIT

ROSCOE C. KNIGHT,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 02-7109
(D.C. No. 01-CV-450-P)
(E.D. Okla.)

ORDER AND JUDGMENT *

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Roscoe C. Knight appeals the denial of his 1997 application for Social Security disability insurance benefits, claiming disability as a result of injuries to his back and left arm and hand and vision loss in his right eye. Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing steps). After claimant's application was denied administratively and upon reconsideration, a hearing was held before an administrative law judge (ALJ) at which a vocational expert (VE) testified. That decision was remanded by the Appeals Council and another hearing was held after claimant was sent for a consultative exam. The ALJ's second decision denied claimant's application for benefits at step five concluding that, while claimant could not return to his past relevant work as an apartment manager or transportation officer, he had transferrable skills and retained the residual functional capacity (RFC) to perform other, sedentary, jobs available in the national economy. The Appeals Council denied review.

Claimant brought suit in federal court and the district court affirmed the agency's denial of benefits. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Our review, however, is limited to evaluating whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.

*Goatcher v. United States Dep't of Health & Human Servs* ., 52 F.3d 288, 289 (10th Cir. 1995).

Claimant raises three arguments on appeal. He asserts that the ALJ erred in determining that his right eye blindness was not a severe impairment at step two of the applicable analysis. A severe impairment is one which significantly limits a claimant's ability to do basic work activities. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); 20 C.F.R. § 404.1520(c). The ALJ's conclusion that this impairment is not severe was supported by claimant's own testimony that he was gainfully employed after surgery on his eye. We perceive no error in the ALJ's step two determination.

Next, claimant contends that the ALJ erred in determining that he retained the RFC to perform limited sedentary work, arguing that most sedentary jobs require good use of the hands and repetitive finger work. In his RFC determination, the ALJ included a limitation against rapid fingering with claimant's left hand, which was injured in an automobile accident. The VE considered this limitation and concluded that claimant could perform certain enumerated sedentary jobs. Claimant's argument lacks merit.

Finally, claimant asserts that the ALJ did not properly consider the diagnosis of Dr. Allen, a treating physician, concluding that claimant has reflex sympathetic dystrophy. Claimant argues that the VE was not able to evaluate this

evidence, as well as the consulting physician's report, because it was presented at the second hearing, which the VE did not attend. However, it is not part of the VE's role to independently evaluate medical evidence, *see, e.g., Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996) (discussing VE's role and discouraging delegation of RFC fact-finding), and it is clear that the ALJ considered both Dr. Allen's notes and the consulting physician's report in his decision. Further, claimant does not state how this evidence undermines the ALJ's conclusion, based on the VE's testimony, that he could perform certain sedentary jobs. This court cannot reweigh the evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1498 (10th Cir. 1992).

Accordingly, we conclude that substantial evidence supports the ALJ's denial of benefits at step five, and that the correct legal standards were applied. The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge