F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAY 26 2004**

**PATRICK FISHER
Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BOBBY OLEN PARRIS,

       Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

       Defendant-Appellee.

No. 03-6292
(D.C. No. CV-02-533-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **BRISCOE** , Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Bobby Olen Parris, proceeding pro se, appeals from an order of the district court affirming the Commissioner's determination that he is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether her factual findings were supported by substantial evidence in light of the entire record and to determine whether she applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Mr. Parris alleged disability as of June 6, 1983. Thus, the period of adjudication is from June 6, 1983, through December 31, 1988, the date he was last insured. Mr. Parris alleged he was disabled due to severe pain and heart, gall bladder, and pancreatic problems resulting from a 1969 automobile accident. The administrative law judge (ALJ) determined that Mr. Parris was not disabled at step two of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as he had no severe impairments.

On appeal, Mr. Parris argues that he is disabled. In his reply brief, he further argues that he did not receive a proper hearing before the IJ because the hearing did not last a full hour, as a result of which he was not able to present all the medical evidence. He also contends that the Commissioner fabricated information, and the ALJ did not permit him to submit all of his medical records.

At step two, the claimant bears the burden to demonstrate an impairment or combination of impairments that significantly limits his ability to do basic work activities. [1] See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The step two severity determination "is based on medical factors alone, and . . . does not include consideration of such vocational factors as age, education, and work experience." Williams, 844 F.2d at 750; 20 C.F.R. § 404.1520(c). Instead, "the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities . . . ." Williams, 844 F.2d at 751. While we have characterized this showing as "de minimis," see Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997) (quotation omitted), the mere presence of a condition

_____

[1] Basic work activities are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples of basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;" "seeing, hearing, and speaking;" "[u]nderstanding, carrying out, and remembering simple instructions;" "[u]se of judgment;" "[r]esponding appropriately to supervision, co-workers and usual work situations;" and "[d]ealing with changes in a routine work setting." Id.

-3-

or ailment documented in the record is not sufficient to prove that the plaintiff is significantly limited in the ability to do basic work activities, see Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).

Mr. Parris was represented by counsel at the hearing before the ALJ. Counsel and the ALJ discussed whether more medical evidence was available, which should be admitted into the record. As a result, the ALJ gave Mr. Parris thirty days to supplement the record with any additional medical evidence. "[T]he ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored" and "may ordinarily require counsel to identify the issue or issues requiring further development." Hawkins, 113 F.3d at 1167. On appeal, Mr. Parris has failed to identify any evidence that he claims the ALJ should have considered, but was not submitted.

The ALJ determined that Mr. Parris's testimony was not fully credible because the record did not contain objective findings supporting his complaints. Our review of the record supports the ALJ's determination.

The record does not contain any medical evidence which supports Mr. Parris's claims. Only his own statements supported his claim that he has severe pain for which he uses narcotic pain relievers prescribed by his treating physician. There is no medical evidence to support his pain at the severity level

he alleges.  A claimant's statements alone are insufficient to establish the existence of an impairment.  20 C.F.R. § 404.1528(a).

The record shows Mr. Parris received medical attention during the relevant time period, but each was resolved by treatment.  <u>See, e.g.</u>, R. tab. 22 at 189 (probable hyperventilation in 1986); 190 (prostatitis in 1974, left flank pain in 1984); 191 (migraine in 1973).  None of these or other notations of medical treatment indicate a severe impairment as required for step two.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge