**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSEPH L. SALAZAR,

      Plaintiff-Appellant,

 v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 06-1236
(D.C. No. 02-cv-1531-JLK-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, **SEYMOUR**, and **ANDERSON**, Circuit Judges.

Plaintiff Joseph L. Salazar appeals from the district court's judgment

affirming the final decision of the Commissioner of Social Security denying him

disability insurance benefits (DIB) and supplemental security income (SSI)

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for Jo Anne B. Barnhart as appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

benefits under Title II and Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. §§ 405(g) and 1383(c)(3). After "review[ing] the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards," *Hinkle v. Apfel*, 132 F.3d 1349, 1351 (10th Cir. 1997), we affirm for substantially the same reasons stated in the district court's memorandum decision.

## I. Background

Mr. Salazar was born in 1946. He completed high school, although much of his education was in special education classes, and worked in manual-labor occupations since he was twenty. In 1992, he was involved in a work-related car accident and has not worked since. He filed applications for DIB and SSI in October 1993 claiming lower back and left knee problems. His applications were denied at all levels of administrative review, and he appealed to the district court. At the Commissioner's request, the district court remanded the matter for further administrative proceedings, including further development of the evidence and a new hearing.

On remand, an administrative law judge (ALJ) conducted the new hearing and received testimony from Mr. Salazar and a vocational expert (VE). In his decision, the ALJ applied the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). *See Williams v. Bowen*, 844 F.2d

748, 750-52 (10th Cir. 1988) (explaining five-step process). At step one, the ALJ found that Mr. Salazar had not engaged in any substantial gainful activity since his alleged onset date. At step two, the ALJ found that Mr. Salazar has a number of impairments that are severe: "Dysthymia, decreased intellectual functioning, a personality disorder, chronic lumbar strain, degenerative disc disease of the lumbar spine, myofascial pain disorder[,] and . . . a right upper extremity injury." R., Vol. I at 267. But the ALJ found at step three that none of the impairments were severe enough to meet or equal one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.

Proceeding to step four, the ALJ found that the objective medical evidence did not support Mr. Salazar's subjective complaints to the extent he alleged, and that there was substantial evidence that he tended to magnify his symptoms. The ALJ found that Mr. Salazar retains the residual functional capacity (RFC) to perform the physical and nonexertional requirements of medium work, that he is limited to no more than occasional climbing, stooping, kneeling, crouching, crawling, or reaching overhead, and that "[m]entally, he is limited to unskilled work activity involving simple and routine tasks and without frequent interpersonal contacts." R., Vol. I at 276, ¶ 5. He further observed that Mr. Salazar's nonexertional limitations reduced his capacity to perform the full range of medium work, but not significantly. *See id.* at 277, ¶¶ 7, 12.

Based on this RFC, the ALJ determined that Mr. Salazar is unable to perform his past relevant work. Taking into consideration Mr. Salazar's age (forty-six at his onset date and fifty-three at the time of the decision), his high school education, and his lack of transferable skills, the ALJ determined that the Medical Vocational Guidelines, 20 C.F.R., Part 404, Subpart P, Appendix 2 (the "grids"), would direct a step-five conclusion that Mr. Salazar is not disabled, but because his nonexertional limitations could erode the occupational base, the grids could only be used as a framework for making a decision. Using the grids as a framework and considering the VE's testimony that, despite Mr. Salazar's impaired intellectual functioning and poor reading skills, he could perform a number of unskilled light and sedentary jobs that exist in significant numbers in the regional and national economies, the ALJ found Mr. Salazar not disabled. *See* R., Vol. I at 276.

The Appeals Council denied Mr. Salazar's appeal, and it also rejected his request to consider evidence of surgical treatment he received after the date of the ALJ's decision on the ground that the treatment was due to an exacerbation of Mr. Salazar's back condition that occurred more than two months after the ALJ's decision and therefore did not relate to the relevant time period. Mr. Salazar then appealed to the district court, which affirmed the Commissioner's decision. This appeal followed.

## II. Discussion

On appeal, Mr. Salazar argues that: (i) the Appeals Council erred in rejecting the new evidence; (ii) the ALJ did not properly evaluate Mr. Salazar's subjective complaints of pain under *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987); (iii) the ALJ improperly evaluated his depression; (iv) the ALJ failed to consider all of his impairments in combination; (v) the ALJ improperly assessed his credibility; (vi) the ALJ improperly evaluated the VE's testimony on cross-examination; and (vii) the ALJ failed to consider the fact that Mr. Salazar was approaching age fifty-five on the date last insured. These arguments are substantially identical to those he raised in the district court. We have reviewed the record, the parties' briefs, and the governing law, and conclude that Mr. Salazar has not identified any reversible error in this case. Accordingly, we affirm the district court's judgment for substantially the same reasons stated in the district court's memorandum decision filed March 29, 2006.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-