**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 14, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYMAN W. TIMMONS,

     Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,

     Defendant-Appellee.

No. 09-6081
(D.C. No. 5:08-CV-00097-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

Wayman W. Timmons appeals from an order affirming the Commissioner's

decision that he is not entitled to supplemental security income benefits under the

Social Security Act.  Exercising our jurisdiction under 42 U.S.C. § 405(g) and

28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Timmons is currently 26 years old. His intellectual functioning is in the mildly retarded range and he has suffered from asthma since childhood. In 1991 he was granted supplemental security income benefits based on his asthma and mental deficiency. Shortly after his eighteenth birthday, however, the Commissioner determined that Mr. Timmons was not disabled under the relevant adult standards and notified him that his benefits would terminate in March 2002. Thereafter, Mr. Timmons requested and was granted a hearing before an Administrative Law Judge (ALJ). In an opinion dated June 18, 2003, the ALJ concluded that although Mr. Timmons's asthma and mental retardation were severe impairments, he did not have an impairment that met or medically equaled one of the listed impairments in the appendix to the relevant disability regulation. The ALJ went on to conclude at step five of the sequential evaluation process, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step framework for determining disability), that Mr. Timmons could perform light work and was therefore not disabled.

In an appeal to the United States District Court for the Western District of Oklahoma, Mr. Timmons argued that the ALJ had overlooked the listing for mental retardation in section 12.05(C) of the appendix. That listing is met if the claimant has an IQ score of 60 through 70, which Mr. Timmons indisputably does, as well as another physical or mental impairment that imposes "an

additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C). Mr. Timmons argued, as he does here, that his asthma imposes such additional and significant limitations on his ability to perform work-related tasks that he satisfies the requirements for listing 12.05(C). The district court declined to answer that precise question but agreed with Mr. Timmons that the ALJ had failed to sufficiently explain his adverse finding at step 3 given the apparent fit of listing 12.05(C). The court therefore reversed the ALJ's denial of benefits and remanded the case for further proceedings at step 3.

At that point, Mr. Timmons's case apparently fell through the cracks within the agency and sat idle for over two years. Finally, at the urging of his attorney, the agency took up Mr. Timmons's case on remand, and on November 27, 2007, the Appeals Council issued a final decision denying benefits, concluding that Mr. Timmons was not disabled under the relevant adult standards as of January 2002. With respect to listing 12.05(C), the Appeals Council accepted that Mr. Timmons's intellectual functioning satisfied the first prong of the listing, but concluded that since he reached adulthood, his asthma had not been shown to significantly limit his ability to do work-related tasks. It therefore concluded at step 3 that Mr. Timmons did not have a listed impairment. Nonetheless, in formulating Mr. Timmons's residual functional capacity (RFC), the Appeals Council concluded that because of his asthma, he should avoid work that would expose him to excessive amounts of dust, fumes, or gases. It therefore concluded

at step 5 that he could perform a reduced range of heavy work and that there are a significant number of such jobs in the national economy.

Mr. Timmons again sought review in the district court, which upheld the Appeals Council's decision. In his appeal to this court, he argues the Commissioner's findings concerning the severity of his asthma are not supported by substantial evidence. Contrary to the Appeals Council's findings, Mr. Timmons claims that his asthma imposes more than minimal limitations on his ability to work. And he argues the Appeals Council made this very point in acknowledging that he should avoid jobs that would expose him to environmental triggers for asthma. In short, he argues that the Appeals Council's recognition that he should avoid certain types of jobs cannot be reconciled with its finding, for purposes of listing 12.05(C), that his asthma imposes only minimal limitations.

## II. Discussion

The Appeals Council's decision is the Commissioner's final decision for purposes of our review. *Cf.* 42 U.S.C. § 405(g) (stating that this court is limited to review the Commissioner's final decision); *Fierro v. Bowen*, 798 F.2d 1351, 1353 n.1 (10th Cir. 1986) (noting that the Appeals Council is the agency's final decision-making body). In reviewing its decision, "we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). We are

-4-

limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Id.* (internal quotation marks omitted).

Applying this framework, we conclude that the Commissioner considered Mr. Timmons's claim under the correct legal standards and supported its decision with substantial evidence. As noted above, to satisfy the listing for mental retardation in section 12.05(C), the claimant must demonstrate, in addition to a reduced mental capacity, a physical impairment "imposing an additional and significant work-related limitation of function." This second-prong impairment, here asthma, need not be independently disabling, but it must have "more than a slight or minimal effect on the claimant's ability to perform basic work." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); *see also id.* at 1353. In *Hinkle*, we held that a "§ 12.05C limitation is significant if the claimant suffers from a severe physical . . . impairment, as defined at step two of the disability analysis, apart from the decreased intellectual function." *Id.* at 1352.

Therefore, the Appeals Council was tasked with determining whether Mr. Timmons's asthma, scrutinized under step-2 standards, constituted "an impairment . . . which significantly limit[ed] his ability to do basic work activities." *Id.* (internal quotation marks and alterations omitted). While this requires only a de minimis showing of impairment, the Commissioner correctly argues that a mere diagnosis is patently insufficient. As we explained in *Hinkle*,

"the claimant must show more than the mere presence of a condition or ailment." *Id.*

The Appeals Council in this case, having exhaustively summarized the medical evidence, concluded that Mr. Timmons's asthma did not impose any limitations on a consistent basis. Our own review of the medical evidence leads us to concur in this finding. Mr. Timmons's asthma obviously plagued him quite severely during his childhood and early adolescence. Even his incomplete medical records establish that he visited his pediatrician and the emergency room repeatedly for asthmatic episodes, during which doctors noted bilateral wheezing in his lungs and "croupy" coughs. But it is also obvious that his asthma improved with age. The condition is scarcely mentioned in his medical records after 1995, and by the time Mr. Timmons graduated from high school, it appears to have hardly factored into his daily life. To the contrary, there are several references to Mr. Timmons's daily after-school basketball games, and his school records reveal that he attended regular P.E. classes and all other school events without requiring any accommodations.

Mr. Timmons correctly notes that as recently as 2002, he continued to exhibit "scattered wheezes," Aplt. App. at 366, but this alone only indicates "the presence of a condition or ailment." *Hinkle*, 132 F.3d at 1352. There is no evidence to suggest, and indeed Mr. Timmons fails to explain, how these scattered wheezes or any other asthmatic symptoms imposed any physical

-6-

limitations on him whatsoever, a failing that is particularly troubling in light of the contrary evidence. Not only did Mr. Timmons play ball nearly every day after school during the relevant time period, *see* Aplt. App. at 211 & 347, but he also told the state disability examiner in January 2002 that his asthma was "not terribly severe" and did "not prevent him from exercising, running or walking," *id.* at 365. According to the examiner's notes, Mr. Timmons reported having sporadic asthmatic episodes for which he took medication. We, of course, are not at liberty to weigh this evidence against Mr. Timmons's hearing testimony and assertions elsewhere that his asthma is more debilitating. But on the record before us, we cannot say that the Commissioner's decision falls short of the substantiality test.

The balance of Mr. Timmons's argument rests on the Appeals Council's determination at step 5 that he should avoid work that would expose him to excessive amounts of fumes, gases, or dust. We agree with the district court, however, that in taking this prophylactic measure, the Commissioner was merely meeting its obligation under Social Security Ruling 96-8p to formulate an RFC with due consideration to *all* of Mr. Timmons's impairments, including those that are not severe. *See* SSR 96-8p, 1996 WL 374184, at *5. In short, we have no difficulty reconciling the Appeals Council's decision at step 3 with its RFC determination at step 5.

### III.  Conclusion

We conclude that the Commissioner's final decision followed appropriate legal standards and was supported by substantial evidence.  The judgment of the district court is, therefore, AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge