**Shirley J. COCHRAN, Plaintiff–Appellant,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security Administration, Defendant–Appellee.**

No. 14–7100.

United States Court of Appeals, Tenth Circuit.

Aug. 3, 2015.

Richmond J. Brownson, Esq., Timothy M. White, Esq., AAA Disability Advocates, Tulsa, OK, for Plaintiff–Appellant.

Mohammed Hasan Aijaz, Social Security Administration Office of the General Counsel, Dallas, TX, Cheryl R. Triplett, Office of the United States Attorney, Muskogee, OK, for Defendant–Appellee.

Before HOLMES, MATHESON, and BACHARACH, Circuit Judges.

## ORDER AND JUDGMENT *

JEROME A HOLMES, Circuit Judge.

Shirley J. Cochran appeals from a decision of the district court affirming the Commissioner's denial of disability insurance benefits. Ms. Cochran argues that an administrative law judge (ALJ) erred in finding that she could (1) perform her past relevant work as a clerk and (2) successful-ly transition to other jobs existing in the regional and national economies. Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

## I

Ms. Cochran claimed she was disabled by fibromyalgia, arthritis, and thyroid disease. After the agency twice denied her claim, Ms. Cochran appeared at a hearing before an ALJ and testified that she had previously worked for the Cherokee Nation as a Clerk III at a health center in Stilwell, Oklahoma. Ms. Cochran said she "did some intake work" in the dental department, Aplt.App., Vol. 2 at 35, but quit before she could be fired for excessive absenteeism. She explained that she experienced fatigue and pain from fibromyalgia, which required her to call in sick often. She said her conditions affected her legs, joints, and neck, as well as her memory and ability "to grip patient files" and take them to different areas. *Id.* at 36. She also described her symptoms and daily activities. Afterwards, the ALJ consulted a vocational expert (VE), who testified that Ms. Cochran's job was a sedentary, semi-skilled position.

After considering this and other evidence, the ALJ concluded at step four of the five-step evaluation process, *see* 20 C.F.R. §§ 404.1520(a)(4) (explaining the five-step process); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir.2007) (same), that Ms. Cochran was not disabled because she retained the residual functional capacity (RFC) to perform her past work as a clerk. The ALJ reasoned that Ms. Cochran was severely impaired by fibromyal-

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argu-ment. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

gia, arthritis, carpal tunnel syndrome, degenerative changes of the left knee with an ACL (anterior cruciate ligament) tear, and obesity, but she could still perform a restricted range of light work, including her sedentary, semi-skilled job as a clerk. Alternatively, the ALJ concluded at step five of the evaluation process that Ms. Cochran was not disabled because she could successfully transition to other jobs in the regional and national economies. The Appeals Council denied review, and a magistrate judge, acting with the parties' consent, affirmed the Commissioner's denial of benefits.

Now on appeal, Ms. Cochran contends the ALJ failed to assess limitations in her handling abilities and, as a result, erred at step four in finding that she could perform her past job as a clerk and at step five in finding that she could successfully transition to certain other jobs.[1]

## II

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir.2014) (internal quotation marks omitted). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir.2013) (internal quotation marks omitted).

### A. Step Four

Ms. Cochran first argues that the ALJ incorrectly concluded at step four that she could perform her past work as a clerk. At step four of the sequential evaluation process, an ALJ must engage in a three-phase analysis. *Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir.2013).

In the first phase, the ALJ must evaluate a claimant's physical and mental RFC, and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings.

*Id.* (brackets, citations, and internal quotation marks omitted).

At phase one, the ALJ considered all the evidence and found that Ms. Cochran retained the RFC for a restricted range of light work. Specifically, he determined that she could:

- lift and carry twenty pounds occasionally and ten pounds frequently;
- stand, walk, or sit for six hours in an eight-hour workday;
- use her hands and feet for operating controls;
- remain attentive and responsive in a work setting and carry out normal assignments despite being afflicted with symptomatology from a variety of sources and mild to moderate chronic pain; and
- function at the sedentary level and remain reasonably alert despite taking medication.

Aplt.App., Vol. 2 at 21.

Ms. Cochran contends this RFC does not account for her limited hand functioning, but she fails to identify any functional limitations in her hands.[2] Rather, she

---

1. In the district court, Ms. Cochran also challenged the ALJ's evaluation of her credibility and obesity, but she has abandoned those issues on appeal. *See* Aplt. Br. at 17.

2. Ms. Cochran speculates that the impairments found by the ALJ—carpal tunnel syn-

simply asserts that the ALJ "did not include any limitations of hand function in his hypothetical, and actually denied that there were manipulative limitations." Aplt. Br. at 20. Yet she provides no indication of what limitations he omitted, and our review of the record reveals none. To be sure, there is evidence that Ms. Cochran had mild arthritic changes in both hands, as well as pain, swelling, and neuropathy. But there is also evidence that she retained normal grip strength in both hands, Aplt.App., Vol. 3 at 200, 202, and had no manipulative limitations, *id.* at 284. Ms. Cochran cites her own testimony to suggest otherwise, but the ALJ discredited her testimony and she has not challenged that ruling on appeal. We perceive no error in the ALJ's evaluation of her RFC at phase one.

■ At phase two, the ALJ was required to assess the physical and mental demands of Ms. Cochran's past work. "To make the necessary findings, the ALJ must obtain adequate factual information about those work demands which have a bearing on the medically established limitations." *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir.1996) (internal quotation marks omitted). On this score, the ALJ asked the VE at the hearing to describe the demands of Ms. Cochran's position as a clerk. The VE replied that her job, specifically her job as a Clerk III with the Cherokee Nation, was not listed in the Dictionary of Occupational Titles (DOT), but she "basically worked as an intake worker," which would be listed in the DOT as "[a] sedentary strength demand, an SVP of 4." Aplt.App., Vol. 2 at 49. The VE explained that "she spent about half her time standing and half the time sitting so she might be closer to [a] light [exertional level] the way she performed it, not necessarily the weight but from the standing sitting position. But basically it would be sedentary and a semi-skilled SVP of 4." *Id.* Given this evidence, the ALJ found that Ms. Cochran's previous job was a semi-skilled position that required light interviewing and clerical work. *See id.* at 21 ("The vocational expert testified that the claimant's past relevant work as a clerk III was semi-skilled with a specific vocational preparation (SVP) code of 4 and required the following skills: light interviewing and clerical work.").[3] These findings satisfied the ALJ's obligation at phase two.

■ At phase three, the ALJ had to determine whether Ms. Cochran could satisfy the demands of her past relevant work given his findings at phases one and two. The ALJ concluded that she could because her past "work does not require the performance of work-related activities precluded by [her RFC]." *Id.* As the ALJ explained, "In comparing [Ms. Cochran's RFC] with the physical and mental demands of this work, the undersigned finds that [Ms. Cochran] is able to perform it as actually and generally performed. The [VE] testified this past relevant work does not exceed the [RFC] of this decision."

---

drome, arthritis, and fibromyalgia—must have limited her hand functioning, but she "must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997). Although the ALJ recognized Ms. Cochran's impairments at step two, in reaching his conclusion at step four, the ALJ also recognized that her "treating physicians did not place any functional restrictions on her activities that would preclude work activity with the previously mentioned restrictions." Aplt.App., Vol. 2 at 21.

3. The ALJ made this statement in the context of his step-five findings, rendering any omission at step four harmless. *See Fischer–Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005).

*Id.* This was an appropriate conclusion because "[a]n ALJ may rely on information supplied by the VE at step four." *Doyal v. Barnhart,* 331 F.3d 758, 761 (10th Cir. 2003) (internal quotation marks omitted). Accordingly, the ALJ did not err at step four.

### B. Step Five

The ALJ elected to evaluate at step five whether there were other jobs that Ms. Cochran could perform given her RFC, age, education, and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(v). Citing the VE's testimony, the ALJ determined that Ms. Cochran could perform several different jobs, including the semi-skilled sedentary positions of an appointment clerk and registration clerk, the unskilled sedentary job of a food order clerk, and the light-exertion positions of an office helper, a cashier, and a sorting worker. Ms. Cochran contends that all but the first two positions require frequent handling and are therefore inconsistent with her RFC, but once again, the evidence does not reflect a handling limitation and the ALJ did not assess one. Consequently, there was no error committed at step five.

### III

The judgment of the district court is affirmed.