UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JIMMY L. WILLIAMSON,

        Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant - Appellee.

No. 02-7067

ORDER
Filed September 2, 2003

Before **LUCERO**, **McKAY**, and **BALDOCK**, Circuit Judges.

      The order and judgment dated March 17, 2003, shall be published. A copy of the published opinion is attached.

                                        Entered for the Court
                                        Patrick Fisher, Clerk of Court

                                        By:
                                            Amy Frazier
                                            Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

PUBLISH

MAR 17 2003

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK FISHER
Clerk

---

JIMMY L. WILLIAMSON,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant-Appellee.

No. 02-7067

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 01-CV-409-P)**

---

Submitted on the briefs:

G.E. Saunders of Saunders & Saunders, Ada, Oklahoma, for Plaintiff-Appellant.

Sheldon J. Sperling, United States Attorney, Tina M. Waddell, Regional Chief Counsel, Region VI, Michael McGaughran, Deputy Regional Chief Counsel, and Ruben Montemayor, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration, Dallas, Texas, for Defendant-Appellee.

---

Before **LUCERO** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

**McKAY** , Circuit Judge.

---

Jimmy L. Williamson appeals from an order issued by a United States magistrate judge pursuant to 28 U.S.C. § 636(c)(1) and (3) affirming the denial of his application for Supplemental Security Income Benefits under Title XVI of the Social Security Act. [1] Mr. Williamson contends on appeal that the administrative law judge (ALJ) did not properly consider his treating physician's opinion, and also erred in determining that Mr. Williamson does not have a severe impairment. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 636(c)(3), and 42 U.S.C. § 405(g), and we affirm.

I.

We review the Commissioner's decision (here expressed as the ruling of the ALJ, *see Hargis v. Sullivan*, 945 F.2d 1482, 1484 (10th Cir. 1991)), to determine whether the factual findings are supported by substantial evidence in light of the entire record and to determine whether the correct legal standards were applied. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

## II.

Mr. Williamson, who is 5 feet six inches tall and has weighed between ninety and 120 pounds his whole life, claims disability due to low weight (103 pounds at the time of the hearing) and hypertension. His low weight is not caused by a diagnosed medical condition, and he testified that he has no injuries or ailments. Aplt. App. at 57. At the time of the hearing, Mr. Williamson had been successfully treated for a year for hypertension by Dr. Davis. Dr. Davis prepared a medical statement, however, that limited Mr. Williamson's ability to work to lifting only ten pounds frequently and twenty pounds occasionally, pushing and pulling less than fifty pounds, standing and walking only four hours/day and sitting continuously for only six hours/day, and climbing, kneeling, stooping, and crawling only occasionally. *Id.* at 180-81. Dr. Davis based these findings on the following clinical and laboratory findings and symptoms or allegations: hypertension, anxiety/depression, and frailty. *Id.* at 181.

Because of the paucity of medical records, the ALJ requested that Mr. Williamson undergo a comprehensive medical and psychological examination. The physical examination revealed no muscle weakness, atrophy, or substantial loss of strength and no evidence of injury or illness except for

hypertension. *Id.* at 142. The psychiatric evaluation made no psychiatric diagnosis and noted that, although he looked malnourished, Mr. Williamson reported being able to exercise regularly and having adequate energy. *Id.* at 119. The report concluded, "Mr. Williamson presents himself as healthy in mind and body." *Id.* at 120.

The ALJ found Dr. Davis's assessment to be "deficient, [and] without supportive medical documentation," and noted that there was no "medically determinable impairment that could reasonably cause such limitations." *Id.* at 33. The ALJ also noted that no clinical findings supported Dr. Davis's medical conclusions. In response to the ALJ's questions, Mr. Williamson testified that he regularly lifted a forty-pound bag of dog food and that he "suppose[d]" he could lift up to twenty pounds "over and over again during the day." *Id.* at 57. The ALJ declined to give Dr. Davis's assessments controlling weight.

The ALJ determined that, although Mr. Williamson has always been a very small man and that he would naturally have some lifting limitations because of his size, neither Mr. Williamson's "impairment" of low weight nor his controlled hypertension "cause significant vocational limitations." *Id.* at 36. Accordingly, the ALJ determined at step two of the five-step sequential process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Mr. Williamson does not have a severe impairment and is not disabled.

III.

A. We first address the ALJ's decision to discount Dr. Davis's assessment. The Commissioner must accord "substantial weight to the testimony of a claimant's treating physician, unless good cause is shown to the contrary." *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). "[A] treating physician's opinion might be rejected if it is brief, conclusory, and unsupported by medical evidence," as long as the ALJ sets forth "specific, legitimate reasons" for such rejection. *Id.* Here, the ALJ set forth specific, legitimate reasons for rejecting Dr. Davis's assessment, and these reasons are supported by the medical record. The Commissioner's decision to accord little weight to Dr. Davis's report must be upheld.

B. At step two, Mr. Williamson bore the burden to demonstrate an impairment or combination of impairments that "significantly limits [his] physical . . . ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment giving rise to disability benefits is defined as one which "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The step two severity determination is based on medical factors alone, and "does not include consideration of such vocational factors as age, education, and

work experience." *Williams*, 844 F.2d at 750. We have characterized this showing as "de minimis," but the mere presence of a condition is not sufficient to make a step-two showing. *See Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); *and see* SSR 85-28, 1985 WL 56856 at *3 (providing that a step-two finding of "non-severe" impairment is only to be made where "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered"). In determining whether a severe impairment exists, the Commissioner considers the "effect" of the impairment. 20 C.F.R. § 416.920(a).

Thus, when Congress codified the severity requirement in the regulations, it noted that a claimed "physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the *cause of failure to obtain any substantial gainful work*." S. Rep. No. 1987, 83d Cong., 2d Sess., reprinted in 1954 U.S. Code Cong. & Ad. News 3710, 3730 (emphasis added). It appears that the ALJ assumed that Mr. Williamson's low weight is an "abnormality" because most men of his height weigh more than he does. But nowhere in the record is there any evidence that Mr. Williamson's failure to work for most of his life is or was caused by his low weight. Nowhere in the record does Mr. Williamson complain of symptoms like fatigue or substantial weakness

-6-

associated with low weight that cause him to be unable to work. The record demonstrates that Mr. Williamson is basically healthy; that his weight, which may be abnormal for some people his height, is normal for him; and that his weight did not keep him from working for his father when he was a teenager. The fact that Mr. Williamson is, and has always been, too small to lift heavy objects all day long does not support a finding that his low weight is a "severe impairment." *Cf. McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1125 n.7 (1st Cir. 1986) ("while we can imagine that the partial loss of a finger might be considered a 'non-severe' impairment, as it would have little impact on an individual's ability to perform any basic work activities, it might be considered a severe impairment if there was evidence that the claimant was a professional piano player"); *and see* SSR 86-8, 1986 WL 68636 at *3 (providing that a denial at step two is inappropriate if the individual is unable to perform past relevant work).

In short, Mr. Williamson failed to demonstrate that his low weight substantially limits his ability to engage in basic work activities. Because Mr. Williamson failed to make this threshold showing, there was no need for the ALJ to continue to the next steps in the evaluative process. *See Williams*, 844 F.2d at 751 ("If [at step two] the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.").

We uphold the Commissioner's decision and AFFIRM the judgment of the United States District Court for the Eastern District of Oklahoma.