**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 23, 2005**

**FOR THE TENTH CIRCUIT**

SHIRLEY J. JONES,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 05-7019
(D.C. No. CIV-04-056-WH)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH, PORFILIO**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Shirley J. Jones appeals the district court's affirmance of the decision of the Commissioner of the Social Security Administration denying her disability insurance benefits. Ms. Jones argues that (1) the ALJ and Appeals Council improperly disregarded her treating physician's opinions; (2) the ALJ erred by failing to recognize her severe impairments; and (3) the ALJ improperly assessed her credibility. We have jurisdiction to review this appeal under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

Ms. Jones claims disability beginning June 30, 2001 due to migraine headaches and arthritis. The Administrative Law Judge (ALJ) denied benefits after finding that she is not disabled because she does not have a severe impairment or combination of impairments as is required at step two of the five-step evaluation process. *See* 20 C.F.R § 404.1520 (describing five-step evaluation process). The Appeals Council denied Ms. Jones' request for review. After the district court upheld the Commissioner's decision, she appealed.

Like the district court, "[w]e review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation

omitted).  We will not reweigh the evidence or substitute our judgment for that of the Commissioner.  *Decker v. Chater*, 86 F.3d 953, 954 (10th Cir. 1996).

## I.

Ms. Jones first argues that the ALJ and Appeals Council failed to fully consider the opinions of her treating physicians, who diagnosed her with severe migraines and recommended that she undergo a CT scan to determine the extent of her condition.  "An ALJ is required to give controlling weight to a treating physician's well-supported opinion, so long as it is not inconsistent with other substantial evidence in the record."  *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001); *see also* 20 C.F.R. § 404.1527(d)(2).

Upon examination of the record, we conclude the ALJ fully considered the treatment notes of Ms. Jones' treating physicians.  Those notes did not express any opinions about the nature and severity of her impairments or her ability to work.  And we also conclude that the Appeals Council did not err in refusing to reopen the case based on a letter from Dr. Woodson, who saw Ms. Jones only once and who failed to support his opinions with clinical, radiological, or medical findings.  *Cf. Doyal*, 331 F.3d at 764 (deciding that doctor who had seen claimant only once was not treating doctor and his opinion was not entitled to controlling weight); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029

(10th Cir. 1994) (permitting rejection of treating physician's opinion if it is not supported by specific findings).

Ms. Jones faults the ALJ for failing to develop the record by ordering a CT scan. "[W]here the medical evidence in the record is inconclusive, . . . a consultative examination is often required for proper resolution of a disability claim." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). Here, the ALJ ordered two consulting examinations. Because the medical evidence in the record provided by the treating and consulting doctors was insufficient to suggest a reasonable possibility that a severe impairment existed, the ALJ had no responsibility to order further development of the record. *See id.* at 1167.

Ms. Jones argues that the ALJ should have considered the fact that she could not afford to pay for medication for her migraines or for a CT scan. The record, however, suggests that Ms. Jones was able to obtain medication. She told one of her treating doctors and a consulting doctor that she got good results or relief from her headaches from Cafergot. She later testified at the hearing before the ALJ that she took Cafergot when she needed it. And she told the other consulting doctor that the Cafergot was no longer effective. Also, as discussed above, a CT scan was not needed to decide whether Ms. Jones is disabled.

II.

Ms. Jones next argues that the ALJ erred in finding that she did not suffer from a severe impairment or combination of impairments at step two of the five-step evaluation process. At step two, the claimant must prove that she has a medically severe impairment or combination of impairments that significantly limits her ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521(a). "The step two severity determination is based on medical factors alone . . . ." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). Although step two requires only a "de minimis" showing of impairment, a "claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

Our examination of the administrative record convinces us that substantial evidence supports the ALJ's finding that Ms. Jones did not suffer from a severe impairment or combination of impairments. The ALJ found, and the record shows, that Ms. Jones does have migraine headaches, but her headaches are not a severe impairment as defined by the regulations. *See Williamson*, 350 F.3d at 1100 (holding that mere presence of condition, without proof that condition limits basic work activities, is insufficient for step two showing).

We reject Ms. Jones' assertion that the ALJ failed to make clear findings regarding her complaints of arthritis. The ALJ specifically, and correctly, found (1) that she never told her treating physicians about her arthritis, even though she

complained that she had suffered from arthritis for ten years; and (2) that the consulting examinations did not support a finding of arthritis. The only evidence concerning arthritis is her own opinion and the consulting doctors' reports that she has some diminished range of motion in her spine and hips and minimal degenerative changes in her hand joints. Thus, as the ALJ found, no objective medical evidence supported her alleged limitations due to arthritis.

III.

Finally, Ms. Jones argues that the ALJ failed to properly assess her credibility and her subjective complaints. We disagree. The ALJ's assessment of Ms. Jones' credibility was legally sufficient, because the ALJ gave specific reasons for rejecting her subjective complaints. *See White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002). The ALJ relied on her demeanor at the hearing, the lack of medical evidence to support her subjective symptoms, discrepancies in her statements and the medical evidence, her taking migraine medication only when she needed it, and the lack of a treatment plan for treating her migraines or arthritis. Accordingly, we defer to the ALJ's credibility findings. *See id.* at 910.

The judgment of the district court is AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge