**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LONNITA FLEETWOOD,

        Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant-Appellee.

No. 05-6373
(D.C. No. CIV-04-1299-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

---

Plaintiff Lonnita G. Fleetwood appeals the district court's affirmance of the

defendant Social Security Commissioner's denial of disability and Supplemental

Security Income (SSI) benefits. She argues that (1) the Administrative Law Judge

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

(ALJ) failed to recognize all of her diagnosed impairments as severe; (2) the ALJ's residual functional capacity (RFC)[1] assessment failed to include all of her limitations; and (3) the ALJ failed to analyze her credibility properly. We conclude that the ALJ failed to properly consider all of Ms. Fleetwood's impairments and that the ALJ's RFC findings are not based on substantial evidence. Accordingly, we reverse the district court's affirmance of the Commissioner's decision, and we remand to the district court with instructions to remand to the Commissioner to conduct further proceedings addressing all of Ms. Fleetwood's impairments and her RFC.

## BACKGROUND

Ms. Fleetwood sought disability and SSI benefits, alleging disability as of December 1, 2000, due to bronchitis, asthma, pulmonary disease, heart problems, anxiety, and panic attacks. Her requests for disability and SSI benefits were denied initially and on reconsideration. After holding an evidentiary hearing, the ALJ denied benefits at step five of the sequential-evaluation process. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps). The ALJ found that Ms. Fleetwood has the ability to perform sedentary work. More specifically, the ALJ found that she can walk or stand for two hours

---

[1]     RFC is "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(c).

out of an eight-hour day; can sit for six hours out of an eight-hour day; should

avoid extreme heat and cold, fumes, odors, and dust; and would have a moderate

level of discomfort and some fatigue and anxiety when working. The ALJ

concluded that Ms. Fleetwood could perform the semi-skilled sedentary jobs of a

check cashier or a cafeteria-line cashier. When the Appeals Council denied

Ms. Fleetwood's request for review, the ALJ's decision became the final decision

of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

On judicial review, the district court adopted the magistrate judge's

recommendation and affirmed the denials of benefits. Ms. Fleetwood appeals.

## STANDARDS OF REVIEW

Like the district court, we review the ALJ's decision only to determine

whether the correct legal standards were applied and whether the ALJ's factual

findings were supported by substantial evidence. *Id.* at 760.

> Substantial evidence is such relevant evidence as a reasonable mind
> might accept as adequate to support a conclusion. We consider
> whether the ALJ followed the specific rules of law that must be
> followed in weighing particular types of evidence in disability cases,
> but we will not reweigh the evidence or substitute our judgment for
> the Commissioner's.

*Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (quotations and

citations omitted). In addition, an ALJ's failure to "provide this court with a

sufficient basis to determine that appropriate legal principles have been followed

-3-

is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation omitted).

## ISSUES ON APPEAL

### 1. Severe Impairments

Ms. Fleetwood argues that the ALJ failed to recognize that her anxiety and panic attacks are severe impairments under step two. Also, she argues that the ALJ failed to thoroughly explain why he refused to find these mental impairments to be severe, inasmuch as he stated only that she did not have a severe mental impairment and had not had psychiatric treatment.

The ALJ's findings concerning the severity of Ms. Fleetwood's mental impairments are inconsistent. Initially, the ALJ found that the following impairments are severe: heart valve replacement, asthma, bronchitis, anxiety, and panic attacks. Aplt. App. Tab 4 at 18 ("The medical evidence shows that the claimant had heart valve replacement in August 2002. She also has asthma, bronchitis, and anxiety and panic attacks. Such impairments cause vocationally relevant limitations and are therefore considered 'severe' within the meaning of the regulations."). Later, however, the ALJ stated that Ms. Fleetwood's mental impairments are not severe. *Id.* at 20 ("The claimant does not have a severe mental impairment and has not had any psychiatric treatment."). Due solely to this inconsistency, we could remand to the ALJ for clarification concerning which of Ms. Fleetwood's impairments are severe. Even if we assume that the ALJ

-4-

found that her anxiety and panic attack impairments are not severe, which is what the ALJ ultimately implies in his specific numbered findings, *id.* at 24, we would still remand to the ALJ for further proceedings at step two.

At step two, the claimant must prove she has a medically severe impairment or combination of impairments that significantly limits her ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). The severity determination is based solely on medical factors. *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). Although step two requires only a "de minimis" showing of an impairment, a "claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

It is true that Ms. Fleetwood has not seen a specialist in the mental health profession, but we have found no case authority requiring her to obtain medical treatment from such a specialist before an ALJ can find that she has a severe mental impairment. The medical evidence, from her treating physician, Dr. James McGouran, and from the consulting doctor, Dr. David Seitsinger, repeatedly refers to her anxiety and panic attacks and to her taking medications for these problems. This evidence is inconsistent with the ALJ's finding that Ms. Fleetwood has not had *any* psychiatric treatment. Indeed, the ALJ notes that Dr. McGouran treated Ms. Fleetwood for anxiety disorder, among other things, for nearly two years. Aplt. App. Tab 4 at 20.

Further, we conclude that the ALJ failed to provide sufficient analysis and reasoning to support his decision that Ms. Fleetwood did not have a severe mental impairment. His conclusory statement that she does not have a severe mental impairment and that she has not obtained psychiatric treatment fails to conform to the Tenth Circuit requirement that the ALJ provide reasoning for his decision so that judicial review is both possible and meaningful. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

Due to the ALJ's inconsistent findings and his failure to conduct analysis with any specificity or clarity allowing for meaningful review, we remand to the district court with directions to remand to the ALJ for further proceedings addressing Ms. Fleetwood's severe impairments.

## 2. RFC

Ms. Fleetwood argues that the ALJ's RFC assessment did not accurately reflect her limitations. She contends that the assessment did not include her conversational dyspnea,[1] dyspnea with range of motion testing, her several hospitalizations for chronic obstructive pulmonary disease (COPD) and asthma, her breathing impairments, or her obesity. Further, she contends that nothing in her medical records suggests that she can stand for two hours in an eight-hour work day or perform work at a sustained level for eight hours a day, five days a

---

[1] Dyspnea is defined as "breathlessness or shortness of breath; difficult or labored breathing." Dorland's Illustrated Med. Dictionary 558 (29th ed. 2000).

week. Finally, Ms. Fleetwood submits that the ALJ did not explain how the evidence supported the conclusion that she could perform sedentary jobs on a sustained basis in an ordinary work setting. We agree that the ALJ's analysis of her RFC is deficient.

An ALJ must make specific RFC findings. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). Those findings must be supported by substantial evidence. *See Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence . . . . In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Soc. Sec. R. 96-8p, 1996 WL 374184, at *7.

The ALJ failed to follow these requirements. In reaching his RFC conclusions that Ms. Fleetwood can do sedentary work; can walk or stand for two hours out of an eight-hour workday; can sit for six hours out of an eight-hour workday; should avoid extreme heat and cold, fumes, odors, and dust; and would have a moderate level of discomfort and some fatigue and anxiety when doing sedentary work, the ALJ stated that he "considered the opinions of the State agency medical consultant who evaluated [Ms. Fleetwood's RFC] at the initial

and reconsideration levels of the administrative review process and generally agree[d] with the determinations made by the State agency." Aplt. App. Tab 4 at 21. Those agency determinations primarily consisted of check-the-box forms with little or no explanation for the conclusions reached.

These check-the-box evaluation forms, "standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence." *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987); *see also* Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (permitting ALJ to rely on opinions of medical consultants if opinions are supported by evidence in case record). The record shows only a two-to-three-month work restriction imposed on Ms. Fleetwood immediately after her mitral valve replacement surgery. But no other medical evidence in the record specifically addresses her ability to work. Dr. McGouron did not address her RFC or her ability to work in any of his treatment notes. Those notes are therefore insufficient to draw reliable conclusions about her ability to work.[2] Dr. Seitsinger, the consulting doctor, who actually physically examined her, did not form specific conclusions regarding her ability to work. He stated only that she had conversational dyspnea and dyspnea with range of motion testing, both related to her obesity. Also, he noted that she could walk without

---

[2] We do not assume that Dr. McGouran's failure to discuss Ms. Fleetwood's ability to work indicates that she is able to work; rather, the conclusion we must draw is that he focused solely on treating her medical problems.

assistive devices for short distances and could manipulate fine and gross objects. He did not state what effect her panic attacks or anxiety, both of which he assessed, would have on her ability to work. Nor did he indicate her ability to stand or sit during an eight-hour workday or what effect her assessed shortness of breath with a history of bronchitis and COPD would have on her ability to work. To the extent there is very little medical evidence directly addressing Ms. Fleetwood's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.

The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on which those findings could be based." *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5. Because the disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993); *accord Hawkins v. Chater*, 113 F.3d 1162, 1164, 1168 (10th Cir. 1997). Even though Ms. Fleetwood's counsel did not request any additional record development, the need for additional evidence is so clearly established in this record that the ALJ was obliged to obtain

more evidence regarding her functional limitations. *See Hawkins*, 113 F.3d at 1167-68.

When evidence from the claimant's treating doctor(s) is inadequate to determine if the claimant is disabled, the Commissioner must contact the treating doctor(s) to determine if additional needed information is available. *See* 20 C.F.R. § 404.1512(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved[ or] the report does not contain all the necessary information[.]"); *id.* § 416.912(e)(1) (same); *see also White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002) (recognizing ALJ's obligation to contact treating physician whenever information received from physician is inadequate). If recontacting the treating doctor(s) still does not provide substantial evidence upon which to base an RFC finding, the ALJ may order a consultative examination. *See* 20 C.F.R. §§ 404.1512(f), 404.1519a, 416.912(f), 416.919a.

Because the ALJ's RFC assessment in this case is not based on substantial evidence, we must reverse the district court's affirmance on this issue and remand to that court with directions to remand to the Commissioner for further administrative proceedings. On remand, the ALJ may consider obtaining an evaluation of Ms. Fleetwood's functional limitations from her treating doctor(s)

and/or a detailed evaluation from a consulting doctor, who personally examines her.

Furthermore, the ALJ's RFC assessment was conclusory and unsupported with reasoning. There is abundant evidence in the record of Fleetwood's breathing impairments and her repeated hospitalizations. As she points out, the ALJ failed to discuss what effect repeated hospitalizations would have on her ability to maintain employment. *Cf. Rocco v. Heckler*, 826 F.2d 1348, 1350-51 (3d Cir. 1987) (recognizing that repeated hospitalizations would hinder performance of sedentary job assuming claimant could cope with employment). Nor did the ALJ consider other evidence in the record indicating that she frequently called in sick when she was working and was laid off from her most recent job because of her absences. *See* Aplt. App. Tab. 4 at 79. Although the ALJ noted when setting forth the medical evidence that, in January 2002, Fleetwood needed albuterol treatments every four to six hours, *id.* at 19, the ALJ did not assess whether those treatments would impact her ability to work or whether she continues to require albuterol treatments with this frequency.

Additionally, the ALJ failed to discuss what effect her obesity, in combination with her other impairments, primarily her breathing problems, would have on her ability to work. *See Salazar v. Barnhart*, 468 F.3d 615, 621, 622 (10th Cir. 2006) (failure to consider all impairments, singly and in combination with other impairments, is reversible error); Soc. Sec. R. 02-01p, 2000 WL

628049, at *1, *5-*6, *7 (stating that obesity is medically determinable impairment that ALJ must consider in evaluating disability; that combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC). On remand, the ALJ must consider all of the available medical evidence and assess with a thorough and reasoned analysis the effect of all of Ms. Fleetwood's impairments on her RFC.

## 3. Credibility

Ms. Fleetwood argues that the ALJ erred in analyzing her credibility because the ALJ failed to provide specific reasons for finding her not credible. Because we remand for further proceedings to assess the severity of her impairments and her RFC, we need not decide whether the ALJ's credibility analysis is flawed. Instead, we conclude that the ALJ should re-evaluate her credibility after fully considering her impairments and when evaluating her RFC.

## CONCLUSION

The judgment of the district court is REVERSED, and the case is REMANDED with directions to remand to the Commissioner for further proceedings.

Entered for the Court

John L. Kane
District Judge