**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NICK P. ARAGON,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 06-2285
(D.C. No. CIV-05-931 JP/ACT)
(D. N.M.)

---

**ORDER AND JUDGMENT**[**]

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

---

Plaintiff Nick P. Aragon appeals the district court's order upholding the

Commissioner's denial of his application for social security disability benefits

and supplemental security income benefits. We take jurisdiction under 28 U.S.C.

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for
Jo Anne B. Barnhart as appellee in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1291 and 42 U.S.C. § 405(g). We affirm.

*Background*

Mr. Aragon alleges disability since August 14, 2001, due to pain, depression, and strength and mobility restrictions to his dominant right shoulder, arm, and hand caused by an injury he sustained in February of 2001. An administrative law judge (ALJ) held a hearing at which Mr. Aragon was represented by counsel. He, his wife, and a vocational expert testified. The ALJ determined that Mr. Aragon's depression was non-severe at step two of the five-step sequential evaluation process. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing five steps). The ALJ then determined that although Mr. Aragon's shoulder injury was severe at step two and he could not return to his past relevant work, there were jobs he could perform that existed in significant numbers in the regional and national economies. Accordingly, the ALJ denied benefits at step five. The Appeals Council denied review, thus making the ALJ's determination the final decision of the Commissioner. *Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2006). The district court affirmed the Commissioner's decision.

*Legal Framework*

We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and to evaluate whether he applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Id.* We do not reweigh the evidence or retry the case, but we "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262.

In this context, "disability" requires both an "inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted). The impairment must be a "'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .'" *Fischer-Ross*, 431 F.3d at 731 (quoting 42 U.S.C. § 423(d)(1)(A)).

On appeal, Mr. Aragon asserts that (1) the ALJ erred in finding that his depression was not a "severe" mental impairment, which requires only a "de minimis" showing at step two, and (2) the ALJ failed to give controlling weight to his treating physician's opinion.

*Analysis*

Both of Mr. Aragon's appellate arguments pertain to his claim that he suffered from severe depression. He maintains that his treating physician, Richard T. Radecki, M.D., diagnosed him with depression.[1] He also relies on the diagnosis

---

[1]    To the extent Mr. Aragon argues that Dr. Radecki's lifting limitations to
(continued...)

-3-

of major depression made by a clinical psychologist, J. Annette Brooks, Ph.D. According to Mr. Aragon, the ALJ improperly disregarded these opinions and determined in error that he had not made the required showing at step two that his depression was severe.

At step two, the claimant must make a "de minimis" showing that his impairment or combination of impairments is medically severe. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). At this step, the ALJ considers only the claimant's impairment(s) and evaluates "the impact the impairment would have on his ability to work." *Id.* "[T]he mere presence of a condition is not sufficient to make a step-two showing." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). The claimant must show at step two that his condition significantly limits his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521(a); 416.921(a). Basic work activities are the "abilities and aptitudes necessary to do most jobs," and include the facility to understand, remember, and carry out simple instructions; to use judgment; to respond appropriately to supervisors, co-workers, and usual work situations; and to deal with changes in a

---

[1](...continued)
less than ten pounds mandated a determination that he was disabled, we reject this argument. The ultimate decision on disability is for the ALJ, not the physician. *E.g.,* 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). Moreover, as discussed herein, the ALJ imposed greater restrictions on the use of Mr. Aragon's right shoulder than those recommended by Dr. Radecki. Mr. Aragon's briefs do not make clear the precise findings and opinions he claims the ALJ disregarded.

routine work setting. 20 C.F.R. §§ 404.1521(b)(3)-(6); 416.921(b)(3)-(6).

During the time he treated Mr. Aragon for his shoulder injury, Dr. Radecki noted his concerns about Mr. Aragon's depression. *See* R. Vol. I at 211, 212-13. On May 13, 2003, he wrote that Mr. Aragon "probably needs evaluation also by [a] psychological assessor to see if he has reactionary depression or if this is true depression and needing treatment." *Id.* at 213. Shortly thereafter, Dr. Radecki referred him for pain-management counseling to a psychologist, Edward Naimark, Ph.D., who saw Mr. Aragon on two occasions -- once for an evaluation and once for counseling. Dr. Naimark's report from the initial interview, a copy of which was sent to Dr. Radecki, states that Mr. Aragon "did deny the presence of any emotional problems." *Id.* at 158. He also noted no psychological abnormalities, as well as Mr. Aragon's anger and lack of cooperation. *Id.* at 159. At the counseling session on July 30, 2003, Dr. Naimark noted that he "is an extraordinarily embittered individual but he was able to talk a little more about the physical pain, history of two failed surgeries, role reversals at home, etc." *Id.* at 161. A copy of these notes was likewise sent to Dr. Radecki. Another counseling session was scheduled in August with Dr. Naimark, but Mr. Aragon did not keep the appointment, and Dr. Radecki was so notified. *Id.* at 163. Nevertheless, Dr. Radecki wrote in November of 2003 that Mr. Aragon "is also seeing [a] psychologist due to depression," *id.* at 211, despite the fact that Dr. Naimark never made any such diagnosis and Mr. Aragon was not receiving any counseling.

In January of 2005, one month before his hearing before the ALJ, Mr. Aragon's attorney sent him for an evaluation by Dr. Brooks. She met with Mr. Aragon and his wife, administered various tests (one of which Mr. Aragon refused to complete), and concluded that Mr. Aragon had "[a] major depressive order – severe," and "longstanding and undiagnosed Posttraumatic Stress Disorder," as well as "a personality style that significantly interfere[d] with interpersonal interactions." *Id.* at 326. According to Dr. Brooks, these circumstances adversely affected his ability to function in work and social settings. *Id.* at 326-28, 339, 343-44. When asked to comment on Dr. Brooks' diagnosis, Dr. Radecki concurred with her overall findings that Mr. Aragon had "expressed significant depression" and that he demonstrated "persistent psychological stressors." *Id.* at 346. He also described Mr. Aragon's condition as "possible depression." *Id.*

"Under Social Security Administration regulations, the opinion of a treating physician concerning the nature and extent of a claimant's disability is entitled to 'controlling weight' when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) (quoting 20 C.F.R. § 416.927(d)(2)); *accord* 20 C.F.R. § 404.1527(d)(2). Mr. Aragon's claim that the ALJ rejected Dr. Radecki's opinion in favor of the opinions of the non-examining physicians is not supported by the

record. The ALJ explicitly "afford[ed] all of the medical opinions of record considerable evidentiary weight," except Dr. Brooks' opinion. R. Vol. I at 21. In addition, the ALJ gave controlling weight to Dr. Radecki's restrictions on Mr. Aragon's use of his right arm and shoulder by "rul[ing] out any use of the right upper extremity," *id.* at 22, even though Dr. Radecki opined that Mr. Aragon could use his right arm occasionally, *id.* at 345.

Mr. Aragon also contends that the ALJ should have given controlling weight to Dr. Radecki's remarks about his depression. The record reveals Dr. Radecki's concern that Mr. Aragon might be suffering from depression and should be evaluated. In addition, on an assessment form completed in February of 2005, Dr. Radecki indicated that Mr. Aragon had described his "experience of pain [as] severe enough to interfere with attention and concentration." *Id.* at 345. But these concerns were not diagnoses, supported by clinical and laboratory diagnostic techniques. Consequently, the ALJ did not err in evaluating Dr. Radecki's opinions.

In her discussion of Mr. Aragon's depression claim, the ALJ noted that Mr. Aragon had not received any treatment for depression and had regularly denied that he needed any such treatment. She further noted that the record did not establish that Mr. Aragon's depression had persisted for any continuous period of twelve months or more, but rather, that he had intermittently exhibited symptoms of depression. The ALJ discussed at length the evidence pertaining to the claimed

impairment, noting that Mr. Aragon did not allege a mental impairment on his application, but after his claim was denied initially, he asserted that his worsening depression contributed to his disability. In addition, two state non-examining consulting physicians concluded that Mr. Aragon did not have a severe mental impairment. *Id.* at 192, 321.

The ALJ rejected Dr. Brooks' opinion and diagnosis, giving numerous legitimate reasons for doing so, including the fact that she saw Mr. Aragon only one time to provide evidence for his disability claim; she took much of the information for her report from Mr. Aragon's wife, rather than from him; her assessments were not supported by her report of the interview and testing; Mr. Aragon did not engage her for therapy, but only for a report; and she found that Mr. Aragon had a difficult personality style that significantly interfered with interpersonal interactions, but she did not explain why he had been able to work in the past despite his difficult personality style, "and she provide[d] no indication that [Mr. Aragon] [was] any different in personality than when he was working on a regular and continuing basis." R. Vol. I at 20. The ALJ considered the appropriate factors for deciding what weight, if any, to give to Dr. Brooks' opinion and she gave "specific, legitimate reasons" for rejecting it. *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(d) & 416.927(d) (listing factors to be considered when "deciding what weight [to be given] to any medical opinion"). The ALJ's analysis of Dr. Brooks' report and the other

evidence pertaining to Mr. Aragon's depression claim is in accordance with the governing regulations and case law, and the conclusions are supported by substantial evidence.

Mr. Aragon also disputes the ALJ's determination that his depression did not meet the twelve-month threshold under § 423(d)(1)(A). The ALJ stated, "while the claimant since mid-2001 has intermittently exhibited signs and symptoms of depression or a severe depressive disorder, the record fails to document an impairment that has existed or been observed for 12 continuous months at a level that would more than minimally affect the claimant's ability to work." R. Vol. I at 20. Mr. Aragon points to evidence that he began taking Zoloft for depression in 2001. This evidence is in accordance with the ALJ's finding. Again, "the claimant must show more than the mere presence of a condition or ailment." *Hinkle*, 132 F.3d at 1352.

### *Conclusion*

Mr. Aragon failed to demonstrate at step two that his mental impairment substantially limits his ability to engage in basic work activities. Accordingly, we uphold the Commissioner's decision and AFFIRM the district court's judgment.

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge