FILED
United States Court of Appeals
Tenth Circuit

July 16, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMINTHIA L. WARNER,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of the Social Security
Administration,

Defendant-Appellee.

No. 08-7101
(D.C. No. 6:07-CV-00168-RAW-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

Saminthia L. Warner appeals the decision of the district court affirming the

denial by an Administrative Law Judge (ALJ) of her application for social

security disability insurance benefits. We determine the decision of the ALJ was

supported by substantial evidence and the law was properly applied. Therefore,

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exercising our jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm.

I.

Ms. Warner, who was born in 1956, has a master's degree in social work and past work experience as a social worker. She alleged disability beginning December 23, 2003, based on multiple problems including chronic pain, muscle spasms, insomnia, obesity, glaucoma, chronic depression/anxiety, poor memory, headaches, high blood pressure, high cholesterol, gastroesophageal reflux disease, and pneumonia with chronic coughing. Upon denial of her application, she requested a hearing before an ALJ of the Office of Hearings and Appeals.

After holding a hearing, the ALJ issued his decision applying the five-step sequential process developed by the agency to evaluate disability claims. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (describing the five steps). Ms. Warner demonstrated that she was "not presently engaged in substantial gainful activity," *id.* (quotation omitted), and therefore satisfied the first step of the process. At step two, the ALJ determined that Ms. Warner had four severe impairments: obesity, disorders of the spine, cardiovascular impairment, and glaucoma. Although the ALJ recognized that Ms. Warner had a history of depression or anxiety, he found that her mental impairment was not severe.

Because Ms. Warner's severe impairments did not meet a listed impairment (a step-three issue), the ALJ proceeded to step four, which requires the claimant

to show "that the impairment or combination of impairments prevents [her] from performing [her] past work." *Id.* (quotation omitted). The ALJ's step-four decision was that Ms. Warner retained the residual functional capacity (RFC) to return to her past relevant work as a social worker. He found that her "allegations and subjective complaints are not substantiated by the medical evidence to the extent alleged and are not sufficiently credible to support a finding of disability." Aplt. App. at 19. Thus, the ALJ concluded Ms. Warner was not disabled within the meaning of the Social Security Act.

The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. The district court affirmed the denial of benefits.

II.

On appeal, Ms. Warner asserts that the ALJ erred by (1) failing to find that her depression or anxiety disorder is a severe mental impairment at step two and (2) failing to perform a proper evaluation of her obesity at step four. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax*, 489 F.3d at 1084 (quotation omitted). "We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Id.* (quotation omitted).

-3-

> The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.

*Id.* (quotation omitted).

### A. Severe Mental Impairment

Ms. Warner had the burden at step two to present evidence that she "has a medically severe impairment or combination of impairments." *Id.* (quotation omitted). "[W]hile the showing a claimant must make at step two is de minimis, a showing of the mere presence of a condition is not sufficient." *Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008). An impairment is "not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). *See also Williamson v. Barnhart,* 350 F.3d 1097, 1100 (10th Cir. 2003) ("[A] claimed 'physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the *cause of failure to obtain any substantial gainful work*.'") (quoting S. Rep. No. 1987, 83d Cong., 2d Sess., reprinted in 1954 U.S. Code Cong. & Ad. News 3710, 3730 (emphasis added)). Basic work activities are the "abilities and aptitudes necessary to do most jobs" and include the facility to understand, remember, and carry out simple instructions; use judgment; respond appropriately

to supervisors, co-workers, and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(3)-(6).

The ALJ rejected Ms. Warner's claim that her mental impairment was severe. Reviewing the medical records, the ALJ summarized consulting psychologist's and psychiatrist's observations that Ms. Warner "has mild restrictions of activities of daily living; mild difficulties in maintaining social functioning; and mild difficulties in maintaining concentration, persistence or pace; with no episodes of decompensation of extended duration." Aplt. App. at 17. The consultants also "noted the claimant had [a] history of anxiety and depression for which medication . . . had been prescribed," but "anticipated improvement with treatment." *Id.* At the hearing, Ms. Warner testified that she takes a prescription antidepressant, but stated that she ceased regular counseling in 1995 or 1996, and that she had not "talked to [her counselor] in quite a while." *Id.* at 352. Relying primarily on the consultants' determinations, the ALJ concluded that her depression did not limit Ms. Warner's ability to work.

In her appellate brief, Ms. Warner points to the notations of medical providers that she appeared depressed or anxious; an examining psychiatrist's diagnosis of major depression secondary to chronic illness; and a Global Assessment of Functioning rating of 55 (indicating "moderate symptoms" in an "individual's overall level of functioning," *Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004)). She does not specifically challenge the ALJ's

determination that her mental impairment did not significantly limit her ability to perform basic work activities.

This court does not substitute its judgment for that of the Commissioner. *Lax*, 489 F.3d at 1084. And our review of the record convinces us that substantial evidence in the record supports the ALJ's step-two determination with regard to Ms. Warner's mental impairment.

**B. Obesity Evaluation**

Ms. Warner, whose weight ranged from 194 pounds and 213 pounds, also argues that the ALJ failed to make a proper assessment of her obesity at step four of the sequential evaluation process. Each claim of obesity is to be evaluated "based on the information in the case record." Soc. Sec. R. 02-1p, *Titles II and XVI: Evaluation of Obesity*, 2000 WL 628049, at *6. The agency "will not make assumptions about the severity or functional effects of obesity combined with other impairments" because "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." *Id.*

At step two, the ALJ determined that Ms. Warner's obesity amounted to a severe impairment. And at step 4, he found that Ms. Warner's "body mass index places her in the 'obese' range based on height and weight calculations" and concluded she "has significant restrictions in her abilities to perform work related activities, in part, as a result of obesity." Aplt. App. at 17. The ALJ followed

this statement with a detailed discussion of Ms. Warner's orthopedic, muscular, rheumatic, and joint issues; coronary artery disease; and pain. *Id.* at 17-18. Based on his analysis of the medical record and assessment of Ms. Warner's credibility, the ALJ determined that Ms. Warner could "occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; walk/stand (with normal breaks) for a total of 6 hours in an 8 hour work day; and sit about 6 hours in an 8 hour work day." *Id.* at 17. This determination is consistent with the medical consultant's RFC assessment that Ms. Warner was capable of performing light or sedentary work. *See* Aplt. App. at 240-47; 20 C.F.R. § 404.1567(a)-(b) (defining sedentary and light work).

In sum, the ALJ's decision "did discuss possible ramifications of her obesity." *Howard v. Barnhart*, 379 F.3d 945, 948 (10th Cir. 2004). The ALJ's decision provides an adequate discussion of the effect of obesity on Ms. Warner's other severe impairments. Accordingly, we will not disturb his conclusion that obesity did not interfere with Ms. Warner's ability to perform her past relevant work as a social worker.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-7-