FILED

United States Court of Appeals
Tenth Circuit

February 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YVONNE E. RABON,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

      Defendant-Appellee.

No. 11-5078
(D.C. No. 4:09-CV-00756-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Plaintiff Yvonne E. Rabon appeals from a district-court order upholding the

Commissioner's denial of her application for supplemental security income

benefits. "We independently review the Commissioner's decision to determine

whether it is free from legal error and supported by substantial evidence,"

although our review is limited to those matters preserved in the district-court

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceedings and properly presented on appeal. *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011). We affirm for the reasons discussed below.

After a hearing in March 2009, the administrative law judge (ALJ) issued her decision in June 2009, finding Plaintiff not disabled at step four of the controlling five-step sequential analysis. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (summarizing five steps). The ALJ first confirmed that Plaintiff had not worked since she applied for benefits on May 14, 2007. She then found that Plaintiff had two severe impairments: (1) a fracture of her right ankle that required surgery in April 2007 and (2) asthma/chronic obstructive pulmonary disease. But she held that these impairments did not meet or equal the listings for presumptive disability from joint disorders, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02, or asthma, *id.* § 3.03. According to the ALJ, these impairments left Plaintiff with the residual functional capacity (RFC) to perform a full range of light work, if not receiving excessive exposure to respiratory irritants. Relying on the Dictionary of Occupational Titles (DOT) and associated inquiries to the vocational expert (VE) who testified at the hearing, the ALJ concluded that Plaintiff could still perform her past work as a hairdresser and thus was not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See Krauser*, 638 F.3d at 1327.

**CHALLENGES TO COMMISSIONER'S DECISION**

Plaintiff advances two challenges to the Commissioner's decision: (1) the ALJ did not make a proper determination at step four of the sequential evaluation process; and (2) the ALJ failed to make a proper determination of Plaintiff's credibility. Plaintiff's briefing is not as straightforward and focused as this short list might suggest, however, as she touches on a number of subsidiary matters and interjects numerous passing objections in the course of discussing the two points formally designated as error. We have considered all the arguments material to our disposition, but we address here only those that merit explicit discussion.

**A. Step Four Determination**

Plaintiff contends that the ALJ erred in her analysis at step four by failing to include a limitation for depression in the RFC determination underlying her inquiries to the VE at the hearing. We disagree. An ALJ need not question the VE about limitations not substantiated by the evidence. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996). That was the circumstance here. The ALJ did not find an impairment based on depression, and the record supports that determination. A few treatment notes from the months leading up to the hearing reflect that Plaintiff had been prescribed Zoloft for depression; but there is no evidence that this condition caused any work-related functional limitation.[1] A

_____

[1]     Plaintiff's reply brief suggests that her testimony at the hearing about poor
                                                                        (continued...)

"claimant must show more than the mere presence of a condition or ailment."

*Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of [a medical condition], of course, says nothing about the severity of the condition."). Plaintiff did not show or even allege that depression had an adverse impact on her ability to work. Indeed, both she and her counsel effectively disclaimed any impairment in this respect at the hearing before the ALJ.[2] In short, whether viewed as a matter of

---

[1](...continued)
school performance and limited math and reading skills reflects a functional limitation from mental impairment. Not only does this argument come too late, *see Aviva Life & Annuity Co. v. F.D.I.C.*, 654 F.3d 1129, 1136 n.6 (10th Cir. 2011) (contention first raised in reply brief is waived), but also the testimony did not relate to depression or any other claimed impairment (counsel was just asking about skills Plaintiff acquired as a hairdresser that might transfer to other jobs). Plaintiff made a similarly inapt argument in the district court, referring to statements she had made about being "hyper," "hot headed," and having a "short [at]tention span" in a function report completed in May 2007. Aplt. App. Vol. 2 at 129-30.

[2]     Counsel told the ALJ that plaintiff had two theories of disability, neither of which included depression or mental impairment. Later, when examining Plaintiff, counsel referred to ankle pain, shortness of breath, and drowsiness from medication, and asked whether she had "any other problem," to which she replied "No." Aplt. App. Vol. 2 at 34. Plaintiff later mentioned in passing that she had been given medication for depression, but she did not say that this limited her in any way or had anything to do with her disability claim, and counsel did not pursue the matter. Finally, after the VE testified that Plaintiff could still work as a hairdresser based on the RFC found by the ALJ, counsel questioned the VE at some length but made no inquiries regarding the vocational effect of a depression impairment.

waiver,[3] or just a matter of evidentiary deficiency, Plaintiff failed to substantiate any work-related limitation that would have required inclusion in her RFC.

We note that Plaintiff did not argue in the district court, nor does she contend on appeal, that the ALJ erred by failing to develop additional evidence relating to depression. Any issue in that regard has therefore been doubly waived. *See Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996). Given the effective disavowal of any mental impairment at the hearing and the paucity of evidence suggesting any such impairment, a duty-to-develop argument would not have been promising in any event. *See Wall v. Astrue*, 561 F.3d 1048, 1062-63 (10th Cir. 2009).

Finally, Plaintiff attempts to expand on her step-four objection by citing *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), and arguing that the ALJ erred by failing to compare the mental demands of her past work as a hairdresser to the

---

[3]    In *Sims v. Apfel*, 530 U.S. 103 (2000), a plurality held that social security claimants "need not . . . exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." *Id.* at 112. (Justice O'Connor concurred on the limited basis that it was inappropriate to enforce a waiver rule without notice, and the regulations suggested there was no such rule. *See id.* at 112-14.). The Court noted, however, that it was not deciding "[w]hether a claimant must exhaust issues before the ALJ," *id.* at 107; and some later circuit decisions have ruled that an issue was waived by not being presented to the ALJ. *See Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001); *see also Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (applying waiver without expressly distinguishing *Sims*). We need not resolve the ALJ-level waiver question here, because Plaintiff's belated claim of a mental impairment fails on the evidence in any event.

mental limitations of her RFC.[4]  But, as the magistrate judge explained, Plaintiff

never alleged that she had any mental impairment.  Nor, as we noted above, does

the record demonstrate any mental impairment from depression.  Hence the

predicate for this *Winfrey* argument is absent.

## B.  Credibility

The ALJ found that Plaintiff's "statements concerning the intensity,

persistence and limiting effects of [her impairments] are not credible to the extent

they are inconsistent with the [ALJ's] residual functional capacity assessment."

Aplt. App. Vol. 2 at 15.  Plaintiff argues that this finding is inadequately

supported.

"Credibility determinations are peculiarly the province of the finder of fact,

and we will not upset such determinations when supported by substantial

evidence.  However, findings as to credibility should be closely and affirmatively

linked to substantial evidence and not just a conclusion in the guise of findings."

*Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and

internal quotation marks omitted).  The ALJ cited numerous grounds, tied to the

evidence, for her credibility finding, including:  (1) Plaintiff engaged in daily

---

[4]     Plaintiff has not argued that the ALJ's analysis of her physical impairments
violated *Winfrey*.  She makes passing references to physical capabilities generally
being part of the analysis at step four; but she never frames her *Winfrey* objection
in terms of any deficiency in the matching of her physical limitations to the
demands of her past work.

activities of household cleaning, laundry, dishwashing, meal preparation, driving, and caring for two young grandchildren who live with her; (2) the last postoperative evaluations of her ankle, some 20 months before the hearing, showed that the ankle was well-healed, her range of motion was well maintained, and she was fully ambulatory; (3) inhalers provide relief for her asthma (although she said that on four or five days a month she cannot exert herself); (4) aside from maintaining her medications, she had not recently sought additional treatment for her ankle or asthma[5]; and (5) no treating or examining physician has noted any specific restrictions or limitations.[6]

To be sure, Plaintiff offers various explanations, qualifications, and excuses in an effort to downplay these considerations. But, as in *Hackett*, such argument "constitutes an invitation to this court to engage in an impermissible reweighing

---

[5]   The last treatment record for her ankle was the postoperative evaluation on July 18, 2007; and her last records for respiratory treatment were a bronchodilator exam for asthma (showing improved spirometric airflow and normal diffusion capacity) on July 2, 2008, and a chest x-ray prompted by a cough (showing normal pulmonary vasculature and clear lung fields) on June 4, 2008.

[6]   Plaintiff objects that the ALJ ignored her use of a walker, cane, and crutch. This objection loses its force when it is noted that the records she cites are from the months following her 2007 surgery (the most recent predated the ALJ decision by more than 15 months), and that Plaintiff did not mention needing or using a walker, cane, or crutch at the hearing in 2009. Similarly, her objection that the ALJ ignored an agency clerk's observation that she had difficulty walking is undercut by the fact that this observation was made on May 14, 2007, just one month after her surgery.

of the evidence and to substitute our judgment for that of the Commissioner, an invitation we must decline," 395 F.3d at 1173.

The judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge